Youngs v. Youngs.

LILLIE YOUNGS, Respondent, v. WILLIAM YOUNGS, Appellant.

Kansas City Court of Appeals, January 16, 1899.

1. **Husband and Wife:** ABANDONMENT: WHAT IS. To constitute abandonment by the husband there must be a cessation of cohabitation with the intention not to resume it and the absence of the wife's consent thereto, both of which appear in this case.

2. ———: DUTY TO SUPPORT WIFE: STATUTE AND COMMON LAW. Under the common law as well as under the statute the husband is bound to furnish reasonable support for his wife and minor children and this allowance depends upon a variety of circumstances, such as the condition of the family and the financial ability of the husband, etc.

3. ———: ———: ACTION: DEFENSE. An allowance furnished to the family in order to defeat a statutory action for support must be such as is reasonably necessary to the station of the family and the husband's financial ability, and in this case the evidence fully supports an allowance of forty dollars per month.

*Appeal from the Bates Circuit Court.*—HON. JOHN FRANCISCO, Special Judge.

AFFIRMED.

J. F. SMITH and GRAVES & CLARK for appellant.

(1) This kind of an action is only maintainable by reason of section 6856, Revised Statutes 1889. To constitute a cause of action under this statute, there must be an abandonment and a refusal or neglect to maintain and provide for the wife. The evidence in this case wholly fails to prove these two necessary elements of the action and plaintiff's bill should have been dismissed. Droege v. Droege, 52 Mo. App. 84-90; State v. Weber, 48 Mo. App. 500. (2) The husband has the right to adopt the style of the living and the manner of the living, and if he undertakes to furnish the reasonable necessaries of life it is not for a court to say that he must furnish more and of a better quality. Messenger v. Messenger, 56 Mo. 329; Kaster v. Kaster, 43 Mo. App. 115-118; Droege v. Droege, 52 Mo. App. 84-91. (3) The evidence in this case shows that the husband has no property save and except a little building and loan stock and the residence occupied by the wife. That he is in debt some, and not earning over $100 per month, although the decree says $140. That his personal expenses in boarding himself and horse, and clothing himself is $50 per month. That he is paying for life insurance for his family. Under this evidence the amount of the allowance is wholly out of reason. McGrady v. McGrady, 48 Mo. App. 668; Brown v. Brown, 22 Mich. 242; Forley v. Forley, 30 Iowa, 353; Abby v.

Abby, 32 Iowa, 575.   (4)   But further than this, the undisputed evidence shows that the defendant was contributing at least $40 per month to his wife and children.   He was buying clothing and things for his children; he was paying the tuition, and in this way expending $15 per month upon them.   The wife was getting the house, fuel and cow pasture and $25.   The court's decree, therefore, simply changes the manner of defendant's providing for his family.   Courts can not dictate the mode nor manner in which defendant provides for his family.   Messenger v. Messenger, 56 Mo. 329; Kaster v. Kaster, 43 Mo. App. 115.

W. O. JACKSON for respondent.

Under the evidence the plaintiff is entitled to support and maintenance for herself and children, and the education of the children.   R. S. 1889, sec. 6856.

GILL, J.—This is a suit by an abandoned wife for support and maintenance.   The parties were married in the year 1884 and continued to live together until June, 1896, when the defendant abandoned the family home in Rich Hill, Missouri, and took up other quarters in the same city. The evidence discloses no cause for the separation—the wife, moreover, testifying that defendant had no cause whatever therefor.   They had two children born of the marriage, and yet living—one a girl eleven years of age and the other a boy about ten years old.   On a trial before a special judge the finding and judgment was "that the defendant had, without any cause or excuse, abandoned the plaintiff and her two minor children, and failed and refused to provide for and support them according to his ability and their social standing  *  *  *   that the defendant's net monthly income is about $140; that the necessary requirements for the support of the plaintiff and children is $40 per month in cash,

and the use of the house in which she now lives, with all taxes, repairs, etc., paid by defendant.    *    *    *    Said allowance to supply all necessaries for plaintiff and children, including clothing, books, schooling, fuel and other necessary expenses."

From this judgment defendant has appealed.

To sustain this statutory action for support and maintenance two things must concur. Abandonment by the husband and failure to support. R. S. 1889, sec. 6856. The evidence here clearly established the first of these requisites; the defendant himself admits that he left his wife and children and took "rooms down town" with a fixed determination not to return. This too was done without the wife's consent. We have then, cessation of cohabitation, an intention not to resume cohabitation, and the absence of the wife's consent thereto; this is sufficient even in a criminal prosecution for abandonment. State v. Weber, 48 Mo. App. 500.

HUSBAND and wife: abandonment: what is.

The decisive question here is, did the defendant fail and refuse to provide the plaintiff wife and her two minor children with such support and maintenance as the law requires. Under the common law, as well as under the statute, the husband is bound to furnish reasonable support for his wife and minor children. What is a reasonable allowance, depends upon a variety of circumstances—the condition of the family (their ages, health, situation in life, etc.), as well as the financial abilities of the husband. By the common law the wife was authorized to go into the markets and pledge the husband's credit for such necessaries as became her social position and his financial standing. It was then often a matter of serious embarrassment to those furnishing supplies to the abandoned wife and family to determine just the extent to which they might safely go in making such sales, for the risk was assumed of correctly

——: duty to support wife: statute and common law.

deciding these matters. Our statute however has provided how the courts may determine in advance a proper allowance for the support of the wife and minor children, and this maintenance when so provided and continued relieves the husband from liability for the wife's debts thereafter contracted for supposed necessaries. Sec. 6856, *supra*.

It is claimed by defendant in this case, that, though he be chargeable with abandoning his wife, yet he supplied her and her children with support reasonably necessary to their station and his financial ability. The evidence shows that defendant left his wife with an arranged for and restricted credit of $20 a month at a grocery store, $5 a month at a meat shop, but without money. In addition to this it appears that the defendant paid something for fuel, water, cow pasture, clothing for the children, books, schooling, etc. But a close reading of the evidence clearly discloses that in many of these matters the allowances were not up to the grade of actual necessity. So much so that the abandoned wife was compelled to reduce her allowance for groceries and meat so as to get money to supply other wants of pressing necessity.

The wife, it seems, is and has been, in poor health and unable to do her own house work. But her allowance was such as to preclude the hiring of necessary help. In the meantime the defendant seems to have been rather fortunate in business and well able to do a better part by his wife and children. He is shown to be a popular and accomplished physician, in regular employment by the Rich Hill Coal & Mining Company at a good salary, besides doing a good general practice. In short, the evidence more than sustained the finding of the trial court that defendant's net income was $140 a month. And the evidence also shows that the wife was not supplied with the ordinary and reasonable necessities of one for her station in life. This $40

per month awarded by the court, is, it seems to us, far short of an extravagant or oppressive allowance for necessaries for the plaintiff and her children, including, as the judgment recites, clothing, books, schooling, fuel and all the necessary expenses of living.

There is no merit in the appeal, and the judgment will be affirmed. All concur.