## KATIE POLSTER, Respondent, v. OSCAR M. POLSTER, Appellant.

**St. Louis Court of Appeals, November 30, 1909.**

1. **HUSBAND AND WIFE: Conduct Rendering Wife's Condition Intolerable: Evidence.** Evidence that the husband drank considerably and at times came home under the influence of intoxicating liquor, that he frequently abused his wife, and struck her with his fist several times, one time occasioning a black eye; that he became enamoured of another woman and went out with her frequently, telling numerous persons he was a single man and intended to marry her, and that he spent money entertaining her and gave her several presents, was sufficient to prove his conduct was such as to render his wife's condition in life intolerable.

2. ———: **Maintenance: Abandonment and Failure to Support Necessary.** To sustain an action by the wife against the husband for support and maintenance, under section 4327, Revised Statutes 1899, there must be both an abandonment by the husband and a failure on his part to provide support for his wife.

3. ———: ———: **Wife's Condition Intolerable: Abandonment of Home by Wife.** Where the husband's conduct is such as to render the wife's condition unendurable at his home, she may leave the home without forfeiting her right to maintain an action for maintenance against him under said section.

4. ———: ———: ———: **Living Under Same Roof but not Cohabiting Together.** Where the husband has been guilty both of maltreatment of the wife and refusal to support her, the wife does not forfeit her right of action for maintenance, under said section, merely because she lives under the same roof with her husband, if she lives separate and apart from him.

5. ———: ———: ———: ———: **Husband's Abandonment of Obligation to Support.** Where the husband has been guilty both of maltreatment of the wife and refusal to support her and they continue to live under the same roof, but separate and apart from each other, while there may not be an abandonment of the wife by the husband from a physical point of view, there is an abandonment of the obligation resting upon him to provide support for his wife.

6. ————: ————: **Evidence Held Sufficient.** Evidence *held* to sustain a judgment for support of wife and child on the ground of abandonment and failure to support.

Appeal from St. Louis City Circuit Court.—*Hon. Matt. G. Reynolds,* Judge.

Affirmed.

*Zachritz & Bass* for appellant.

(1) To sustain this statutory action for support and maintenance two things must concur: Abandonment by the husband a failure to support. Youngs v. Youngs, 78 Mo. App. 228. All the evidence shows that at the time of filing the petition and even up to the time of the service of the writ, the defendant and plaintiff were living together under the same roof as husband and wife with their children; that defendant had not abandoned plaintiff, and not only had not failed to support her, but was supporting her and the children as he had always done, and never ceased to support or maintain or provide for them, and did not leave plaintiff or their roof until after the service of the writ in this case. (2) Before plaintiff is entitled to recover, her cause of action must have existed completely under the statute and the decisions at the time of the filing of the petition.

*Henry H. Oberschelp* for respondent.

NORTONI, J.—This is a suit by the wife against the husband for maintenance. The court found the issue for plaintiff and gave judgment requiring the husband to pay the wife sixty dollars per month for the support of herself and minor child. The defendant appeals and argues that the judgment should be reversed for the reason the evidence fails to disclose the husband had abandoned the wife and refused to support her at the time the suit was commenced. It is said the suit was prematurely instituted.

It appears the parties were married November 13, 1899. The husband was a prosperous business man and possessed of considerable property. For a few years the marriage relations were pleasant. One child, a son, Oscar, was born of the marriage. This child was about seven years of age at the time of the institution of this suit.

The evidence shows that the husband drank considerably and at times would come home under the influence of intoxicating liquors. He frequently abused his wife, struck her with his fist upon several occasions. One blow occasioned a black eye.

During the period of the World's Fair, 1904, he became enamored of another woman and went out with her frequently and he told numerous persons who were friends of the woman with whom he kept company that he was a single man and intended to marry her. He spent more or less money in entertaining the woman referred to and gave her several presents. Defendant told one lady that he intended to marry the woman mentioned and go to Mexico to live.

There is an abundance of testimony in the record tending to prove that defendant's conduct was such as to render his wife's condition in life intolerable. It seems the husband and wife continued to reside . in their former home even up to the day the present suit was instituted; however, they occupied separate apartments in the house and were not living as husband and wife. The present suit for maintenance was filed on May 18th. It had been the custom of the defendant for several years to give his wife seventy-five dollars per month for household expenses. On the first day of May, prior to the institution of this suit, on the 18th day of that month, the defendant gave his wife twenty-five dollars only and about the tenth of the month when plaintiff communicated another request for expense money, the defendant contributed ten dollars only.

It appears that both parties had employed counsel at that time, and on the 13th of the month, the defendant's counsel notified the plaintiff's counsel that he would like to confer with him touching the existing troubles between their clients. The plaintiff's counsel gave evidence to the effect that upon his conferring with the defendant's counsel, the counsel representing defendant proffered ten dollars for the support of the minor child and notified him that the defendant would not contribute further to the plaintiff's support. This conversation occurred about the 14th or 15th of May. It is true there was testimony for defendant to the contrary. However, the trial court found the issue in the case for the plaintiff, that is the court found the defendant had refused to further contribute to plaintiff's support.

In this state of the case, the only question with which this court is called upon to deal is as to whether or not there is substantial testimony in the record tending to prove that defendant had abandoned his wife and refused to contribute to her support at the time the suit was instituted.

As stated, the suit was instituted on May 18th. On May 20th, defendant rented an apartment elsewhere and moved thereto. He has wholly failed to contribute anything whatever to the support of the plaintiff since about the 10th of May before the institution of the suit.

Our statute, section 4327, Revised Statutes 1899; Mo. Ann. St. 1906, section 4327, provides:

"When the husband, without good cause, shall abandon his wife and refuse or neglect to maintain and provide for her, the circuit court, on her petition for that purpose, shall order and adjudge such support and maintenance to be provided and paid by the husband for the wife and her children, etc."

It is very true that to sustain this statutory action for support and maintenance there must both be an abandonment by the husband and a failure on his part to provide support for the wife. [Youngs v. Youngs, 78 Mo. App. 225.]

It has been decided, too, under this statute that where the husband's conduct is such as to render the wife's condition unendurable, at his home, she may leave the home without forfeiting her right to maintain an action for maintenance against him. [McGrady v. McGrady, 48 Mo. App. 668.]

It is certain that if she may leave his home on account of reprehensible conduct on his part and maintain an action thereafter as for abandonment by him, she ought not to be adjudged to forfeit her right of maintenance merely because she continued living under the same roof separate and apart from her husband, after he has added insult to injury by both maltreatment and refusal of support. Although such conduct may not, because of the fact that the parties remained under the same roof, amount to an abandonment of the plaintiff's presence from a physical point of view, it certainly amounts to an abandonment by defendant of the obligation resting upon him to provide a support for his wife.

As stated, though the testimony shows the parties continued to reside under the same roof at the time the suit was instituted, it appears there had been a cessation of cohabitation and the husband had failed to contribute the usual seventy-five dollars for the month's maintenance. He had contributed twenty-five dollars on the first of the month and ten dollars about the tenth thereof. After this, about the 14th or 15th, it appears his counsel notified plaintiff's counsel that while the husband was willing to contribute ten dollars a month for the support of the child, he would contribute nothing further to support his wife. This testimony certainly amounts to substantial evidence tend-

ing to support the judgment appealed from. And in the circumstances stated, we regard the mere fact that the parties continued to reside in the same house at the time the suit was instituted as wholly immaterial. Although it is conclusively shown in the record that the husband's income from his business the year prior to the institution of the suit was three thousand dollars, and that it would be at least two thousand dollars during the current year, he contributed nothing whatever to the plaintiff's support after the ten dollars referred to, about May 10th before the suit was filed. The evidence tends to prove, too, that through his counsel defendant notified plaintiff several days before the suit was filed that he would make no further contribution to her support.

The judgment should be affirmed. It is so ordered. All concur.