VIOLA MOORE, Respondent, v. WILLIAM DOERR, et al., Appellants.

Kansas City Court of Appeals, April 29, 1918.

1. **VOIR DIRE: Improper Questions: Prejudice.** A woman and her husband were defendants in an action for assault and battery. Plaintiff's counsel in examining jurymen on their *voir dire* was permitted to ask them if they knew the woman-defendant's father, calling him by name and designating him as "the gambler." It was *held* to be error.

2. **HUSBAND AND WIFE: Torts of Wife: Statute: Common Law.** The following statute was enacted in Missouri in 1915: "For all civil injuries committed by a married woman, damages may be recovered against her alone, and her husband shall not be responsible therefor, except in cases where, under the law, he would be

Moore v. Doerr.

jointly responsible with her, if the marriage did not exist." It was *held*, that this statute repealed the common law, as to torts of the wife and put liability on her where formerly it did not exist, and took liability from the husband where formerly it did exist.

Appeal from Jackson Circuit Court.—*Hon. William T. Johnson*, Special Judge.

REVERSED AND REMANDED.

*Henry L. Jost* for appellants.

*Williams, Guffin & Field* and *C. S. McLane* for respondent.

ELLISON, P. J.—This action is for damages alleged to have resulted to plaintiff from an alleged assault and battery. The judgment in the trial court was for the plaintiff.

When the panel of jurors were being examined on their *voir dire* plaintiff counsel asked them if they knew "Ed Findley the gambler who is the father of Mrs. Doerr one of the defendants in the case." They likewise stated to the panel that it would be shown that Mrs. Doerr, since the suit was brought had conveyed a large amount of property "to Mrs Findley the wife of Ed Findley, the gambler." These questions and statements were improper. They evidently were asked for the purpose of prejudicing the jury against the defendants. The natural effect was to draw attention of the jury to Findley instead of the defendants and the tendency was to substitute him for defendants. On another occasion we said that, "A litigant has a right to his own personality" and the opposing party "cannot ask unliquidated damages of a good man who may have injured him and then substitute a bad man at the trial." [Gore v. Brockman, 138 Mo. App. 231, 235.] So it was ruled that the question "Do you know Mr. Frank V. Johnson, attorney for the Fidelity Insurance Company in this case, was most prejudicial," and a new trial was granted. [Cunningham v. Heidel-

burger, 95 N. Y. Sup. 554.] Prejudicial foreign matter ought not to be introduced into the case. [Theobold v. Transit Co., 191 Mo. 395, 416; O'Hara v. Construction Co., 197 S. W. 163, 165; Beck v. Railroad, 129 Mo. App. 7, 24; Billmeyer v. Transit Co., 108 Mo. App. 6, 10.]

Nothing we have said is intended to prevent counsel from learning the relationship or connection, business or otherwise, which a juryman may have with a litigant; or from gaining all proper and needful information which will tend to legitimately aid him in making challenges, but this right may be abused as in this case, by unnecessary and prejudicial matter. A question whether the juryman was acquainted with Ed Findley, father of one of defendants, would have served every rightful purpose, without the added stigma.

A demurrer to the evidence for plaintiff was presented by Mrs. Doerr and refused by the trial court. This involves the following recent statute found in the Session Acts of 1915, p. 269; "For all civil injuries committed by a married woman, damages may be recovered against her alone, and her husband shall not be responsible therefor, except in cases where, under the law, he would be jointly responsible with her, if the marriage did not exist." We interpret this statute as putting liability on the wife in instances where formerly it did not exist, and taking liability from the husband in instances where formerly it did exist. It means the overthrow of the common law frequently announced in this State, viz, that the wife was not liable for torts committed in the presence of her husband, presumably under his coercion, and that the husband was liable for her torts, whether committed in, or out of his presence. It substitutes for such common law, a liability of the wife for torts committed by her, whether in his presence or not, and also a non-liability of the husband in all instances where he would not have been liable had he not been her husband.

The acts of the husband in this case are to be judged as they should be were he not Mrs. Doerr's

husband; and unless he joined in the assault, or otherwise encouraged, aided and abetted her, the judgment should be for him.

The statute has not been before the courts so far as we are advised except in Claxton v. Pool, 197 S. W. 349. It was there considered by Commissioner White, but the wrong in that case was committed prior to the enactment of the statute. It was held that, on account of the various changes in the property rights of married women, as evidenced by different statutes as well as customs, the reason for the common-law rule had ceased and the rule itself should cease. The opinion in that respect is avowedly opposed to Nichols v. Nichols, 147 Mo. 387, 407; Taylor v. Pullen, 152 Mo. 434 and other cases. The Commissioner then refers to this statute, as having been enacted with a view of settling the doubts which seem to have harrassed the courts, and says that it "relieves the husband from liability for injuries committed by a married woman, except in cases where he would be jointly responsible if the marriage did not exist."

It is true that of the three members of that division of the Supreme Court, Judge WILLIAMS concurs in the opinion of the Commissioner, Judge FARIS concurs in the result and Judge WALKER dissents. Therefore the opinion may be' said not to be binding authority. But we assume the dissent of Judge WALKER and the doubts of Judge FARIS, are based upon that part of the opinion in reference to the rule of common law having been abolished before the statute of 1915 was enacted.

Other questions were presented by counsel, but as the case is to be retried, they may not arise again. The judgment is reversed and the cause remanded. All concur.