STATE OF MISSOURI, at the Relation of MR. and MRS. P. H. McCRORY, Relators, v. EWING C. BLAND, NICK T. CAVE and SAMUEL A. DEW, Judges of the Kansas City Court of Appeals.—No. 39896.—197 S. W. (2d) 669.

Court en Banc, November 11, 1946.

*Calvin & Kimbrell, Walter W. Calvin* and *Bert S. Kimbrell* for relators; *Guy B. Park* of counsel.

708

*Cyril G. Baucke* and *Walter J. Gresham* for respondents.

TIPTON, C. J.—This court sustained relators' application to transfer this case from the Kansas ▮ City Court of Appeals. Christina Greer, plaintiff in the trial court, will be referred to as respondent, and Mr. and Mrs. P. H. McCrory, defendants in that court, will be referred to as appellants throughout this opinion.

In the circuit court of Jackson County, Missouri, respondent obtained a judgment for $7,000.00 against both appellants for personal injuries she received while working at their home. The judgment was affirmed by the Kansas City Court of Appeals and that court's opinion is reported in 192 S. W. (2d) 431.

Appellants contend that their separate motion for a directed verdict should have been sustained. We will state the evidence most favorable to respondent.

Respondent testified that she had done the laundry work for appellants at their residence in Kansas City, Missouri, since 1933, and that she performed this work in the basement of their residence. In describing the steps that descended from the first floor to the basement she stated that there was a light in the basement which did not light the steps all the way up, making them dark at the top. She told of a railing at the top of the stairway, a sort of shelf, where fruit, vegetables and other articles were stored. A hallway at the top of the stairway led from the basement door to the back door and out into the back yard.

On March 22, 1938, respondent arrived at appellants' residence at 6 o'clock A. M. and appellants and their daughter Harriett McCrory were there; the maid and chauffeur had not arrived. At 8 o'clock respondent started the laundry work and about 11:30 A. M. she started

to the back yard to hang out the laundry. She had not noticed a mop on the stairway earlier that morning, but when she came up the stairs she noticed one on the landing at the side of the steps. She testified that she had spoken to Mrs. McCrory several times before about leaving a mop on the stairway. When she was coming up the steps on her way to the backyard to hang out the clothes on the day in question, she threw the mop behind the door in the hallway and Mrs. McCrory came to the door and "wanted to know what I was fussing about." Respondent told her, "If you don't quit putting the mop in the hall, somebody will fall and hurt themselves." About 3:30 P. M., respondent was bringing the clothes back into the house, carrying them in a basket which she held in front of her. She started down the steps and fell over the mop which was again on the stairway, falling all the way to the bottom. As she fell her head hit a post near the steps. She stated that Mrs. McCrory came to the landing of the stairway and asked her how she happened to fall, to which she replied, "That everlasting mop was there again." She asked Mrs. McCrory who put it there and Mrs. McCrory said, "I set it there."

The evidence showed that appellant P. H. McCrory was driven by his chauffeur to his place of business that morning and had not returned home at the time respondent fell. The evidence further showed, as did the pleading, that respondent worked for both appellants. P. H. McCrory's testimony was that he paid her for her work and that Mrs. McCrory directed her in it, and that it was his wife's duty to have care and control over the house. Other pertinent facts will be stated in the course of this opinion.

The case was submitted to the jury solely upon the issue of negligence in placing the mop on the basement stairway, thereby making the place where respondent worked unsafe. There can be no doubt under the facts and circumstances of this case that the placing of the mop by Mrs. McCrory in the pathway of respondent in a poorly lighted part of the basement stairway was negligence. We think under Section 3680, R. S. Mo., 1939, the court properly overruled Mrs. McCrory's motion for a directed verdict, even though she was a married woman. This section reads: "For all civil injuries committed by a married woman, damages may be recovered against her alone, and her husband shall not be responsible therefor, except in cases where, under the law, he would be jointly responsible with her, if the marriage did not exist." This section abolished the common law doctrine that a husband was liable for his wife's torts, whether committed in or ▆▆▆ out of his presence, and absolves the husband except where he is liable independent of the marriage relation. Miller v. Busey, 186 S. W. 983; Moore v. Doerr, 199 Mo. App. 428, 203 S. W. 672.

▆▆▆ Appellant P. H. McCrory contends that his motion for a directed verdict should have been sustained, as there is nothing in the record which even suggests that he had any knowledge of his wife's

intention to place the mop in the basement stairway. On the other hand, respondent contends that since P. H. McCrory and Mrs. McCrory were maintaining their home as husband and wife, they were engaged in a joint adventure or joint enterprise and, therefore, P. H. McCrory was jointly liable for his wife's torts.

"There is an abundance of case law on the subject. A 'joint adventure' has been defined as an association of two or more persons to carry out a single business enterprise for profit, for which purpose they combine their property, money, effects, skill, and knowledge. Forman v. Lumm, 214 App. Div. 579, 212 N. Y. S. 487; Fletcher v. Fletcher, 206 Mich. 153, 172 N. W. 436; Donahue v. Haskamp, 109 Wash. 562, 187 P. 346; Alderton v. Williams, 139 Mich. 296, 102 N. W. 753; Wilson v. Maryland, 152 Minn. 506, 189 N. W. 437; McKeel v. Mercer, 118 Okl. 66, 246 P. 619; Perry v. Morrison, 118 Okl. 212, 247 P. 1004; Dexter & Carpenter v. Houston (C. C. A.), 20 F. (2d) 647; Hey v. Duncan (C. C. A.), 13 F. (2d) 794, 795. *It can arise only by contract or agreement between the parties.* [Italics ours.] Tusant & Son Co. v. Weitz Sons, 195 Iowa, 1386, 1396, 191 N. W. 884; National Surety Co. v. Winslow, 143 Minn. 66, 173 N. W. 181; Arnold v. DeBooy, 161 Minn. 255, 201 N. W. 437, 39 A. L. R. 403; Sommerfield v. Flury, 198 Wis. 163, 223 N. W. 408. But joint adventure may be established without any specific formal agreement to enter into a joint enterprise; it may be implied or proven by facts and circumstances showing such enterprise was in fact entered into. In re Taub (C. C. A.), 4 F. (2d) 993; Goss v. Lanin, 170 Iowa, 57, 152 N. W. 43; Nelson v. Lindsey, 179 Iowa, 862, 162 N. W. 3; O. K. Boiler & Welding Co. v. Minnetonka Lbr. Co., 103 Okl. 226, 229 P. 1045. There must be some active participation in the enterprise, some control over the subject-matter thereof or property engaged therein. Darling v. Buddy, 318 Mo. 784, 1 S. W. (2d) 163, 58 A. L. R. 493; Atlas Realty Co. v. Galt, 153 Md. 586, 139 A. 285. But it may be said of the great majority of such agreements that they do not point out precisely what each party is to do under them. Anderson v. Blair, 202 Ala. 209, 80 So. 31. And the contract is not avoided for indefiniteness because the minor details are not fully established. Dolan v. Dolan, 107 Conn. 342, 349, 140 A. 745; Ward v. Thompson, 22 How. 330, 16 L. Ed. 249; Meehan v. Valentine, 145 U. S. 611, 12 S. Ct. 972, 36 L. Ed. 835; and cases cited on page 1059 of 48 A. L. R., hold that a specific agreement to share losses is not necessary in either a partnership or a joint adventure. Such an agreement may be implied. Simpson v. Richmond Worsted Spinning Co., 128 Me. 22, 145 A. 250; Beatty v. Ammidon, 260 Mass. 566, 157 N. E. 702. Decisions defining and describing partnerships are not controlling upon the question of whether the parties to the agreement were joint adventurers. Elliott v. Murphy Timber Co., 117 Or. 387, 244 P. 91, 48 A. L. R. 1043, 1047. But rights as between the adventurers are

governed by the same rules that govern partnerships. Boles v. Akers, 116 Okl. 266, 244 P. 182; Church v. Odell, 100 Minn. 98, 110 N. W. 346; Goodwin v. Camp (C. C. A.), 295 F. 785, 791; Keyes v. Nims, 43 Cal. App. 1, 184 P. 695. Such a contract can be made by competent parties, individuals, and firms, and a corporation may bind itself by a contract for a joint adventure the purposes of which are within its corporate powers. Tusant & Son Co. v. Weitz Sons, 195 Iowa, 1386, 1397, 191 N. W. 884; Rowley on Partnership, Vol. 1, sec. 160; Fletcher Cyc. Corporations, Vol. 2, p. 1802.'' Denny v. Guyton, 327 Mo. 1030, 40 S. W. (2d) 562, l. c. 571, 572. See also Hobart-Lee Tie Co. v. Grodsky et al., 329 Mo. 706, 46 S. W. (2d) 859.

Most of our decisions make no distinction between a joint adventure and a joint enterprise. However, in the case of Tannehill v. Kansas City, C. & S. Ry. Co., 279 Mo. 158, 213 S. W. 818, it is intimated ▉▉▉ that a joint enterprise is an undertaking for mutual benefit or pleasure. But if a joint undertaking be a joint adventure or joint enterprise, each member is responsible for the negligent acts of another if within the scope and object of the joint undertaking. Perrin v. Wells (Mo. App.), 22 S. W. (2d) 863.

Under the common law as well as under the statutes a husband is bound to furnish reasonable support for his wife and minor children. Youngs v. Youngs, 78 Mo. App. 225; Broaddus v. Broaddus, 221 S. W. 804; Seman v. Illgenfritz, 223 Mo. App. 546, 15 S. W. (2d) 912. So the maintaining of a home by a husband and wife is not the result of an agreement or contract between them. It is the result of their marital status, a duty the husband owes to his wife under the law. It therefore cannot be a joint adventure because a joint adventure can arise only by contract or agreement between the parties.

In the case of Mack et al. v. Mackiewicz et ux., 157 Atl. 117, the Supreme Court of New Jersey ruled that a husband was not liable for the wife's torts committed while cleaning their home. New Jersey has a statute similar to Section 3680, supra. In ruling the case that court held that the husband could only be liable for the wife's torts when the husband and wife were engaged in a joint enterprise, and since there was no proof to show that the husband had any knowledge of the fact that his wife was sweeping out rubbish and no proof that her act in doing so was the result of a conference between them, the husband's motion for a directed verdict should have been sustained.

▉ In this record there is no showing that the husband, P. H. McCrory, knew that his wife would place the mop in the basement stairway or that her act in doing so was the result of a conference between them. We, therefore, are of the opinion that the trial court erred in overruling appellant P. H. McCrory's motion for a directed verdict.

▉ Appellants next contend that this court cannot set aside the verdict and judgment as against the husband without also setting aside the verdict and judgment against the wife for the reason that

the court cannot amend a jury's verdict as to matters of substance after the jury is discharged, and cite the case of Meffert v. Lawson, 315 Mo. 1091, 287 S. W. 610. In that case the court undertook to amend the verdict after the jury was discharged by adding interest due on the notes sued on. We do not think that case is in point but think the case of Stotler v. Chicago & Alton Ry. Co. et al., 200 Mo. 107, 98 S. W. 509, governs this case. In that case the jury returned a verdict against the railroad, its engineer and its conductor. We held there was no probative evidence as to the conductor's negligence and reversed the judgment as to the conductor, but affirmed the judgment against the railroad and the engineer. Appellants' contention is without merit.

Appellants contend that the trial court erred in giving respondent's instruction No. 2 which told the jury that it was admitted that respondent was working for appellants on the date in question at their residence, and that it was necessary for respondent in the scope of her employment to use the basement in the residence. The jury was instructed that it was appellants' duty as respondent's employers to exercise ordinary care to provide respondent with a reasonably safe place to work, and if the jury found that appellants caused and permitted the stairway to be in an unsafe and dangerous condition by causing and permitting a mop to extend out into the passageway so as to form an obstruction, and by reason of such negligence, if any, caused and permitted the stairway to be in an unsafe and dangerous condition for respondent while using it in performing her duties, she was caused to fall to the basement and be thereby injured, and that if the jury should further find that respondent, at the time, was exercising ordinary care for her own safety, the verdict should be in favor of respondent.

Appellants make several assignments of error with reference to this instruction but do not develop them in their brief. The main contention seems to be that the instruction did not require the jury to find that respondent's tripping over or stepping over the mop was the proximate cause of the injury. Liability rested upon a finding of the ultimate fact that the mop left on the stairway rendered the stairway unsafe. In other words, the mop on the stairway rendered the stairway an unsafe place to work, which was the proximate cause of respondent's injuries.

Appellants' next assignment of error is that "since all of the testimony which the defendant, P. H. McCrory, gave, upon the trial of this cause, was by deposition; and, since all of the testimony which the defendant, Barbara McCrory, and Harriett McCrory gave was, also, by deposition, so to speak, this court may rightfully and legally, weigh the testimony, which those witnesses gave, where, as here, there is a direct and positive conflict, upon a very material point and issue, between the testimony, which these witnesses gave,

and the uncorroborated testimony which the plaintiff gave; and, the general rule that the appellate court will not, and cannot, evaluate or weigh conflicting testimony, has no controlling application here.''

If all the testimony in this case were by deposition there would be merit in appellants' contention. Respondent's testimony was oral, as was that of several witnesses offered on behalf of appellants. From this record we cannot say that the trial court abused or arbitrarily exercised its discretion in overruling appellants' motion for a new trial on the ground that respondent's testimony was against the weight of the evidence. King v. Kansas City Life Ins. Co., 350 Mo. 75, 164 S. W. (2d) 458.

■ Appellants contend that the verdict was a result of perjury on the part of respondent. We cannot point to any part of respondent's testimony that we can say, as a matter of law, the trial court or jury should not have believed. For the same reason we overrule appellants' contention that the verdict was the result of passion and prejudice.

■ Appellants contend that the verdict is excessive. Respondent testified that after the fall she had pains in her back and left shoulder; her knees and legs were scarred, scratched and bleeding; that she was dazed for a while; that she took medicine under the direction of a doctor; that she still suffers pains in her back and parts of her body and hips; that she was unable to sleep on account of her pain, which still continues; that her back and sides still bother her; that she cannot work very long at a time without getting sick; that she cannot stoop over, reach up or climb because of her back; that her injuries have made her very nervous, and that she was not working at the time of the trial and had not worked since the previous November; that she tried to work as a janitress at two different places but was unable to do so; and that she tried another job but was unable to do the work. Her doctor testified regarding her bruises and sprains, and that he had made 40 calls to her home. He testified that it was difficult to determine how long the effects of an injury to a spine could be noticed, as in this case, but he thought the injury respondent sustained ''has something to do with her condition today.'' The trial in the circuit court took place more than five years after respondent received her injuries, and at that time she still complained of pain in her back caused by the fall on the steps. This is some evidence that her injuries were permanent. We are of the opinion that the trial court did not abuse its discretion in allowing the judgment for $7,000.00 to stand.

Since there was some evidence that respondent's injuries were permanent, we overrule appellants' contention that respondent's instruction No. 3 was erroneous because there was no competent evidence that her injuries were permanent.

From what we have said, it follows that the judgment should be affirmed as to appellant Mrs. P. H. McCrory and reversed as to appellant P. H. McCrory. It is so ordered. All concur, except *Gantt, J.,* not sitting.