## MacDONALD & CO. v. DIFFERENTIAL STEEL CAR CO.

### Civ. No. 5811.

District Court, N. D. Ohio, Western Division.

June 2, 1948.

McKeehan, Merrick, Arter & Stewart, of Cleveland, Ohio and Effler, Eastman, Stichter & Smith, of Toledo, Ohio, for plaintiff.

Fraser, Shumaker, Kendrick & Winn, of Toledo, Ohio, for defendant.

KLOEB, District Judge.

Application has been filed in this case by Hector MacDonald, Thomas Lonsdale and Guillermo Morris for an order directing that the applicants, partners doing business under the firm name of MacDonald & Company, be substituted as parties plaintiff for MacDonald & Company, that they be permitted to become parties plaintiff herein in their own names, and that the order of the Court direct that the applicants shall be considered as adopting the allegations of the complaint and the more definite statement filed by MacDonald & Company, and that the action proceed upon the pleadings heretofore filed in the case. This motion is apparently directed to meeting the allegation of the answer that the plaintiff does not have capacity to sue or to bring or maintain his action in this Court.

In support of the application, counsel for the plaintiffs cite Tibbs & Co. v. Parrott, Fed.Cas.No.14,022, 1 Cranch C.C. 177, which seems to sustain the right of amendment by inserting the names of the several persons who compose the firm in place of the firm in whose name the action was brought. Other authorities cited by counsel for the plaintiffs support the principle—McDonald v. State of Nebraska, 8 Cir., 101 F. 171 (amendment allowed substituting the State in place of the Treasurer of the State as the plaintiff) ; United States v. Koike, 9 Cir., 164 F.2d 155 (substitution of United States as party plaintiff in place of the Price Administrator).

■ There would seem to be no question that in Ohio a foreign partnership has no authority to bring an action in the partnership name (Sec. 11260, Ohio General Code, Platt v. Colvin, 50 Ohio St. 703, 707, 36 N.E. 735; 30 O.J. 1174, Sec. 172), and that this rule must be followed in this Court by reason of the provisions of Rule

17(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

■ In the bill of complaint it is alleged that plaintiff "is a general partnership duly organized and existing under and by virtue of the laws of the Republic of Bolivia, South America, with its principal office and place of business in La Paz, Bolivia, and that the members thereof are Hector MacDonald, Thomas Lonsdale, both of whom are citizens and subjects of Great Britian, and Guillermo Morris, a citizen of the Republic of Bolivia, all three of said persons being residents of La Paz, Bolivia."

It seems to us that by the above allegation the defendant was fully advised of the identity of the individual members of the partnership in whose firm name the action was brought. In the exercise of the power of the Court to permit amendments under Rule 15(b) of the R.C.P., and in line with the right to substitute parties given by Rule 25, no prejudice apparently having resulted or being claimed to the defendant by reason thereof, it would seem the motion for substitution of parties should be granted. The objection to the granting of the motion is extremely technical, and the change desired is merely one of names and not of interest or identity.

On Notice to Take Depositions.

■ There was filed in this case a notice to take depositions of the plaintiffs on May 3, 1948, with a request that the plaintiffs produce at the time of the taking of depositions at Toledo, Ohio the following described documents, letters and writings:

"(a) The originals, or, if the originals are not available, then copies of all written communications, including letters, cablegrams, telegrams, memoranda, informal messages, or other writings received by MacDonald & Company or any of the members of that partnership, from The Differential Steel Car Company, between January 1, 1936 and the present time.

"(b) The originals, or, if the originals are not available, then copies of all written communications, including letters, cablegrams, telegrams, memoranda, informal messages, or other writings sent by MacDonald & Company or any of the members

of that partnership, to The Differential Steel Car Company, between January 1, 1936 and the present time.

"(c) The originals, or, if the originals are not available, then copies of all written communications, including letters, cablegrams, telegrams, memoranda, informal messages, or other writings between Mac-Donald & Company or any of the members of that partnership and the Government of Bolivia, or any representative or officers or officials of the Government of Bolivia, referring to the purchase and sale or the proposed sale of railcars for use on the Bolivian railways between the years 1936 and the present time.

"(d) All office records, inter-office communications, writings, documents and orders in the possession or control of Mac-Donald & Company or of Hector Mac-Donald, Thomas Lonsdale or Guillermo Morris, the members of said partnership, having reference to the purchase and sale or the proposed purchase and sale of railcars for use on the Bolivian railways, including those having reference to the purchase and sale of the railcars described in the complaint, and including offers, proposals or contracts with reference thereto.

"(e) The originals, or, if the originals are not available, then copies of all written communications, including letters, cablegrams, telegrams, memoranda, informal messages, or other writings sent to or received from The International Harvester Company by MacDonald & Company, concerning the sale of railcars for use on the Potosi-Sucre Railroad of the Bolivian railways."

In response to the request for the production of documents, plaintiffs filed a motion for protective order under Sec. 30 (b) of the R.C.P., fixing the time at which they were required to produce such documents as the Court may require them to produce. In the memorandum in support of this motion it is stated that the plaintiffs "intend to produce the documents in such time that defendant may have the right to inspect, copy and photograph, as a part of the same proceedings wherein the depositions may be taken"; and they ask the Court for a protective order with respect to the time of the taking of the depositions so as to permit plaintiffs to make the necessary arrangements for travel from La Paz, Bolivia to Toledo for the taking of the depositions and the trial of this cause. In the memoranda of counsel for plaintiffs in opposition to the defendant's request for production of documents it is stated that "plaintiff and its partners propose to produce every relevant writing or document having a bearing upon the issues herein".

Objection is made by plaintiffs to the production of such records and interoffice communications referred to in paragraph (d) of the motion of defendant on the ground that there is no showing that these documents have any bearing upon the rights as between the parties hereto, and that there is no sufficient description of what is required to enable them to comply. Plaintiffs also object to the production of correspondence between them and the International Harvester Company, referred to in paragraph (e) of the motion, on the ground that such correspondence is extraneous to this cause, and, if produced, would be irrelevant and immaterial.

By consent of counsel at the pretrial conference on April 21, 1948, and by order of the Court, the date for the taking of depositions was continued to September 1, 1948, and the case was reassigned for trial on September 20, 1948. It seems to us that, in view of this fact, and because plaintiffs' records are at such a long distance from the place of trial and it would be impracticable, if not impossible, to obtain them after the taking of the depositions was commenced, it would be advisable for the plaintiffs to produce all of the documents called for by the motion, so far as they can identify them from the description contained in the motion, at the time of the taking of their depositions; that the examination on the taking of the depositions proceed under the provisions of Rule 26(b), R.C.P.; and the matter of the irrelevancy or immateriality of any of the documents to which objection is made be presented to the Court in due course.

There is also on file a motion filed by the plaintiffs on April 12, 1948 for protective

order under Rule 30(b), R.C.P., in which they ask for an order which will allow for the taking of the depositions of the plaintiffs and their attendance at the trial during one journey to the United States. In view of the agreement between counsel at the pretrial conference and of the order of the Court as to the time of the taking of depositions beginning September 1, 1948, and the assignment of the case for trial on September 20, 1948, no ruling on this motion is required.