Dale **FOMBY, d/b/a Nova Excavating and Paving, Appellant,**

v.

Robert D. **WHISENHUNT, Appellee.**

No. 7434.

Supreme Court of Alaska.

March 23, 1984.

---

Ernest M. Schlereth, Law Offices of Laurel J. Peterson, P.C., Anchorage, for appellant.

Mark P. Worcester, Perkins, Coie, Stone, Olsen & Williams, Anchorage, for appellee.

Before BURKE, C.J., and RABINOWITZ, MATTHEWS, COMPTON and MOORE, JJ.

## OPINION

PER CURIAM.

The question in this case is whether a plaintiff's claim for contract damages is barred pursuant to AS 08.18.151 [1] due to

---

1. AS 08.18.151 states:

A person acting in the capacity of a contractor

the claimant's alleged failure to comply with AS 08.18.011.[2] We conclude that summary judgment was properly granted to the defendant.

The lawsuit was filed on December 18, 1981, in the name of Dale Fomby, d/b/a Nova Excavating & Paving, seeking payment for excavating services performed for Robert D. Whisenhunt. The complaint did not allege status as a registered contractor. Whisenhunt answered on January 15, 1982, and asserted as an affirmative defense, that the suit was barred pursuant to AS 08.18.151.

In June, 1982, Whisenhunt moved for summary judgment on the basis of AS 08.-18.151. In support of the motion he submitted evidence that neither Dale Fomby nor Nova Excavating & Paving was a registered contractor. He also submitted an affidavit stating, in substance, that he had been referred to Fomby by John Riley of Shamrock Excavating, and that Fomby had "promised to perform the required services." A copy of Fomby's bill, in the name of Nova Excavating & Paving, was also submitted to the court. The record also contains copies of an advertisement and a telephone listing in the name of Nova Excavating & Paving.

Fomby responded to the motion in July by arguing that he had performed services as part of a joint venture with Shamrock Excavating, Inc., a registered contractor, and that hence the action was not barred. *See* AS 08.18.011. In support of this argument, Fomby and Riley submitted affidavits outlining the nature of their agreement.

On November 2, 1982, the motion for summary judgment was argued. The following day Fomby lodged an amended complaint in the name of "Shamrock Excavating, Inc., and Dale Fomby, a Joint Venture, Plaintiff," together with a motion to amend the complaint to cure the pleading defect regarding status as a registered contractor.

On November 4, the court entered a final judgment in Whisenhunt's favor, on the ground that "Plaintiff's complaint fails to comply with the requirements of AS 08.18.-151."

Fomby promptly moved for reconsideration, suggesting that the court had perhaps overlooked the motion to amend the complaint, and asking that the court vacate its judgment and grant the motion to amend.

On November 30, the court denied without comment both the motion for reconsideration and the motion to amend.

Fomby appeals.

## A. *Amendment of the complaint.*

Fomby's first argument is that the superior court abused its discretion in denying his motion to amend. In our opinion the superior court abused its discretion in wholly denying the motion to amend under the facts of this case.

The original complaint failed to allege that the plaintiff was a registered contractor. Accordingly, it was on its face subject to dismissal pursuant to Civil Rule 12(b)(6) or 12(c) and AS 08.18.151. By failing to seek such dismissal, and invoking instead the summary judgment provisions of Civil Rule 56, Whisenhunt impliedly waived his right to rely on the technical insufficiency of the complaint, and brought the merits of the question of registration before the court. To rely on the insufficiency of the complaint as the basis for the dispositive ruling in this situation would be to elevate form over substance.

---

**2.** AS 08.18.011 states:

may not bring an action in a court of this state for the collection of compensation for the performance of work or for breach of a contract for which registration is required under this chapter without alleging and proving that the contractor was a registered contractor at the time of contracting for the performance of the work.

It is unlawful for a person to submit a bid or work as a contractor until that person has been issued a certificate of registration by the Department of Commerce and Economic Development. A partnership or joint venture shall be considered registered if one of the general partners or venturers whose name appears in the name under which the partnership or venture does business is registered.

In *Jennings v. State*, 566 P.2d 1304 (Alaska 1977), we stated:

> There is no amendment as of right after the grant of a summary judgment motion. *See Clardy v. Duke University*, 299 F.2d 368, 369–70 (4th Cir.1962). Since a motion for summary judgment is on the merits, courts are normally reluctant to allow amendments after summary judgment motions. *See Freeman v. Continental Gin Co.*, 381 F.2d 459, 469–70 (5th Cir.1967).

*Id.*, 566 P.2d at 1312. That a dispositive motion has been filed, but not decided, should be grounds for denying amendment where the amendment is seen as a "futile gesture"[3] or as an attempt to plead around an obvious legal roadblock. However, as our holding in *Jennings* reflects, there are circumstances in which amendment of a complaint is proper despite a pending summary judgment motion.

Fomby's inclusion of a claim for fraud may be seen as a pretext to evade the bar of AS 08.18.151 by claiming fraud rather than contract damages, and to that extent the court was arguably justified in denying the motion to amend. The correction of the technical insufficiency as to the status of the plaintiff, however, is not so obviously pretextual as to warrant denying amendment.[4] We conclude that the motion to amend should have been granted to the extent of curing the pleading defect and that Fomby's allegations must be examined for their factual support.[5]

### B. *Summary Judgment.*

#### 1. Existence of Joint Venture

The first substantive argument made by Fomby on appeal is that there are material issues of fact with regard to whether Fomby and Riley had embarked on a joint venture. We agree.

We have previously cited approvingly Professor Williston's list of the requirements of a joint venture:

(a) A contribution by the parties of money, property, effort, knowledge, skill, or other asset to a common undertaking;

(b) A joint property interest in the subject matter of the venture;

(c) A right of mutual control or management of the enterprise;

(d) Expectation of profit, or the presence of 'adventure,' as it is sometimes called;

(e) A right to participate in the profits;

(f) Most usually, limitation of the objective to a single undertaking or ad hoc enterprise. (footnotes omitted).

---

**3.** It is a futile gesture to amend a complaint "[w]here a complaint, as amended, would be subject to dismissal on the same grounds upon which the initial complaint was dismissed, ..." *Jennings v. State*, 566 P.2d 1304, 1314 (Burke, J. dissenting).

**4.** To say that this amendment was pretextual is to prejudge the issues raised in the summary judgment motion. Courts have permitted amendment to substitute or add the individual members of an association, joint venture, or partnership, to a complaint brought in the group name, and a similar acceptance in the converse situation seems appropriate. *See Metropolitan Paving Co. v. International Union of Operating Engineers*, 439 F.2d 300 (10th Cir.), *cert. denied*, 404 U.S. 829, 92 S.Ct. 68, 30 L.Ed.2d 58 (1971); *Goldenberg v. World Wide Shippers and Movers of Chicago*, 236 F.2d 198 (7th Cir. 1956); *MacDonald & Co. v. Differential Steel Car Co.*, 8 F.R.D. 223 (N.D.Ohio 1948); *see generally* 3 Moore's Federal Practice ¶ 15.08[5] (2d ed. 1983).

**5.** Arguably, the superior court's ruling is based on a pleading defect. However, AS 08.18.151 requires both an allegation and proof that the contractor was a registered contractor. It is clear from a transcript of the hearing on the summary judgment motion that the affidavits of the parties had been and were to be considered. Moreover, both parties have fully briefed at the trial and appellate level the legal issues relevant to the determination of the summary judgment motion on the merits, and we deem the propriety of summary judgment to be properly before us at this time. *Cf. Brice v. State*, 669 P.2d 1311, 1314 (Alaska 1983); *Douglas v. Glacier State Telephone Co.*, 615 P.2d 580, 591-92 (Alaska 1980).

*Nicholas v. Moore*, 570 P.2d 174, 178 (Alaska 1977), quoting 2 Williston on Contracts § 318A, at 563–64 (3d ed. W. Jaeger 1959).[6]

In our view, there are material factual issues remaining to be resolved in determining whether this test has been satisfied. While the arrangement between Fomby and Riley may simply have been that the former would lease the latter's equipment and personnel, the record is not conclusive.

Fomby's affidavit says that Riley "at all times had a say-so in the operation of the project." Viewed favorably to Fomby, this could mean that Riley had "a right of mutual control or management of the enterprise," notwithstanding Whisenhunt's assertion that it means only that Riley retained a right, like any other subcontractor or lessor, to pull out of a job if he suspected he was not going to be paid. Fomby's affidavit does not specifically describe the financial arrangements between himself and Riley, but it does state that "[f]rom the proceeds of the [project], John Riley and I would have divided our proportionate shares." Viewed favorably to Fomby, this indicates "[a] right to participate in the profits," as opposed to a rental of equipment and personnel on an hourly basis, despite Fomby's statement, elsewhere in the same affidavit, that "[h]e [Riley] was expecting a profit from the overall operation through the leasing of his manned trucks and equipment." Riley's affidavit specifically states that "Dale confirmed with me that we would go together in handling the project utilizing the Shamrock name...." Such an agreement would presumably give rise to "a joint property interest in the subject matter of the venture...." Since the evidence is not conclusive on the question whether Fomby and Riley were in fact engaged in a joint venture, summary judgment against Fomby on this question would be improper.

## 2. Business Name

Whisenhunt advances an alternative basis for affirming. He argues that the failure of a joint venture to do business in the joint name precludes it from bringing suit. AS 08.18.011 states in part:

> A ... joint venture shall be considered registered if one of the ... venturers whose name appears in the name under which the ... venture does business is registered.

Clearly, under this statute, the joint venture in this case was not registered, and therefore not entitled to sue, unless it "did business" with Whisenhunt under the name of Shamrock Excavating. The ultimate factual issue, therefore, is whether the alleged joint venture "did business," within the meaning of AS 08.18.011, under the name of Shamrock Excavating in this case.

Whisenhunt argues that the joint venture must hold itself out as such to the public at large in order to be "doing business" as a joint venture within the meaning of AS 08.18.011. This conclusion flows from consideration of AS 08.18.051, Whisenhunt says. That statute requires in part, that:

> All advertising, contracts, correspondence, cards, signs, posters, papers and documents prepared by a contractor which show the contractor's name and address shall show the name and address as registered under this chapter.

Satisfaction of AS 08.18.051 should be interpreted as a prerequisite to satisfaction of AS 08.18.011, Whisenhunt argues, because otherwise a party contracting with the joint venture will not have ready access to the bond and insurance that registered contractors must carry.

**6.** *See also, Northern Lights Motel, Inc. v. Sweaney*, 561 P.2d 1176, 1187 (Alaska 1977):

A joint venture has been defined as "an association of two or more persons to carry out a single business enterprise for profit, for which purpose they combine their property, money, effects, skill, and knowledge." *State ex rel. McCrory v. Bland*, 355 Mo. 706, 197 S.W.2d 669, 672 (1946). The joint venture may be established without any formal agreement between the parties; it may be implied from the facts or circumstances of the case. *Id.* Although each venturer need not exercise actual physical control of the instrumentalities used in the enterprise each must have a legal right to some voice in the direction and control of the enterprise. *Murphy v. Keating*, 204 Minn. 269, 283 N.W. 389, 392–93 (1939).

We have previously stated that because AS 08.18.151

> causes the forfeiture of an otherwise valid claim ... [,] courts have not given similar provisions broad or liberal constructions.... We agree with those authorities and decline to give the statute an expansive reading.

*Industrial Power & Lighting Corp. v. Western Modular Corp.*, 623 P.2d 291, 294 (Alaska 1981) [citations omitted].

It might be unfair, in some cases, to rely on AS 08.18.051 as creating a bar to a finding that AS 08.18.011 has been satisfied, as, for example, when there is clear and convincing testimony regarding a verbal agreement creating a joint venture. Since the interpretation advanced by Whisenhunt would cause a forfeiture in such cases, we reject it. No specific language makes satisfaction of AS 08.18.051 a prerequisite to a finding that AS 08.18.011 is satisfied, and an alternative penalty is contained elsewhere in Chapter 18. *See* AS 08.18.141. Accordingly, we will consider all the evidence, not just the documents generated in the case, in determining whether AS 08.18.011 has been satisfied and the joint venture has been "doing business" with Whisenhunt in the registered name.

■ While we are unable to agree with Whisenhunt that AS 08.18.011 requires a joint venture to hold itself out to the public at large under a registered name in order to be "doing business" in that name, it is apparent that it must at least use that name in its dealings with the contracting party and in its business dealings with others against whom it may later seek to bring claims in order to satisfy the "doing business" requirement. In this case, Whisenhunt has specifically denied that Fomby or Riley ever communicated to him their purported status as a joint venture, and there is no evidence in the record from which such knowledge could be imputed to him. Accordingly, summary judgment in Whisenhunt's favor is appropriate unless Fomby and Riley's affidavit create issue of fact on this issue.

■ Fomby's affidavit states: "The contractual services performed for the defendant were performed by myself and John Riley of Shamrock Excavating under the name of Shamrock Excavating." Read in isolation, and viewed favorably to Fomby, this statement is arguably sufficient to create a factual issue as to whether the alleged venture was "doing business" with Whisenhunt under Shamrock's name. On the record in this case, however, Fomby's statement is not sufficient to create an issue concerning that fact.

Civil Rule 56(e) states in relevant part:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, *must set forth specific facts showing that there is a genuine issue for trial.* If he does not so respond, summary judgment, if appropriate, shall be entered against him. [Emphasis added].

In *Alaska-Canadian Corp. v. Ancow Corp.*, 434 P.2d 534, 536 (Alaska 1967), we stated:

> In construing [Civil Rule 56(e) ] ... this court [has] held that where a *clear showing in support* of a motion for summary judgment had been made, it was incumbent that the party opposing the motion clearly state its position or defense and show the court how it planned to support its position or defense with *facts* which would be admissible in evidence at the trial. [Emphasis added] [footnote omitted].

This case is comparable to *Alaska-Canadian Corp. v. Ancow Corp.*, where we upheld the granting of summary judgment despite the opposing party's affidavit containing "vague allegations" of facts rebutting the moving party's showing. *See also, Brock v. Weaver Brothers, Inc.*, 640 P.2d 833 (Alaska 1982). Fomby's assertion that "the contractual services ... were performed ... under the name of Shamrock Excavating" is, in the context of this

record, an unsupported conclusionary allegation, not a statement of specific fact sufficient to prevent summary judgment. *See Franz Chemical Corp. v. Philadelphia Quartz Co.*, 594 F.2d 146, 150 (5th Cir.1979) ("[M]ere general allegations which do not reveal detailed and precise facts will not prevent the award of a summary judgment.") At no point does Fomby or Riley indicate that either of them communicated to Whisenhunt their alleged joint status, and the bill submitted makes no reference to Shamrock or to Riley. The complaint itself, for whatever reason, is in Fomby's name and not that of Shamrock. There is no reference to any activity being carried on in Shamrock's name, except that some trucks and equipment having that name were used on the job. There is no indication that a reasonable person would have understood that Shamrock equipment was being used because Shamrock was an equal partner with Fomby in the project. The mere fact that some of the equipment bore that name is thus in itself insufficient to create a factual issue as to whether the alleged joint venture was doing business with Whisenhunt in Shamrock's name, in light of Whisenhunt's specific denials of any knowledge that a joint venture was involved.[7]

This is not a case where the relevant ultimate factual issue, that is, the fact of whether the alleged venture was "doing business" with respect to this project under the Shamrock name, is capable of being established only by indirect or circumstantial evidence. *Compare, e.g., Alaska Rent-A-Car, Inc. v. Ford Motor Co.*, 526 P.2d 1136, 1139 (Alaska 1974). Fomby's broad generalization does not, under the facts of this case, satisfy the requirement that the response must set forth *specific facts* showing that there is a genuine issue for trial.

We therefore AFFIRM.

---

7. This case is distinguished from *Alaska Protection Services, Inc. v. Frontier Colorcable, Inc.*, 680 P.2d 1119, (Alaska, 1984). In *Frontier*, a corporation, registered under one name, entered a contract under another name. We held that AS 08.18.151, which prohibits an unregistered contractor from bringing suit is not violated when the contractor in fact is registered and bonded. In the present case we are concerned with the section of AS 08.18.011 which defines when a joint venture is to be considered registered. It specifically provides that the joint venture will only "be considered registered if one of the ... venturers whose name appears in the name under which the venture does business is registered." Since the alleged joint venture did not do business under the name of the registered venturer, Shamrock, the joint venture was not properly registered for purposes of AS 08.18.151. Also, Whisenhunt would not be clearly protected by Shamrock's bond until it was first determined that there was in fact a joint venture and that Shamrock's bond provided coverage.