H. L. IVEY, RESPONDENT, v. HARRY E. HANSON AND EMERY S. MATTHEWS, PARTNERS, APPELLANTS.—41 S. W. (2d) 840.

In the Springfield Court of Appeals. August 14, 1931.

*Barbour & McDavid* and *F. W. Barrett* for appellants.

*Sizer, Gardner & Lockmiller* for appellants.

COX, P. J.—Action for damages for personal injuries received by plaintiff in a collision between a truck driven by a servant of defendants and an automobile driven by plaintiff. Trial by jury; finding and judgment for plaintiff. Defendants appealed.

The assignments of error are that plaintiff's Instructions Nos. 1, 2, and 4, were erroneous and that the court erred in permitting counsel for plaintiff to ask the jurors on their *voir dire* examination as to their interest in the Union Automobile Indemnity Association and whether or not they were acquainted with T. K. Faulkner, an insurance agent of Springfield, Missouri.

We shall notice the last assignment of error first. The appellant contends that when the questions were asked of the jurors, the attorneys for plaintiff were not informed that defendants carried indemnity insurance and hence the questions were not asked in good faith. Appellants' abstract of record shows that after this *voir dire* examination, the following occurred outside the hearing of the jury. By Mr. Gardner: "I would like for the record to show that outside the presence of the jury and in the presence of the court, plaintiff's counsel inquired of Senator McDavid, counsel for defendants, whether or not the defendants were protected by insurance in this case and whether or not he represented an insurance company and that Senator McDavid advised the court and plaintiff's counsel that he did represent in this case the Union Indemnity Automobile Association" By Mr. McDavid: "That is right."

The facts just stated would authorize the inquiry as to the insurance company but would not authorize it as to Mr. Faulkner. Whether what was said occurred before or after the questions were asked the jurors, we do not regard as very material. The objection to the question did not separate Mr. Faulkner from the insurance company and hence the appellant is not in position to take advantage of the error as to him. There is one reason why appellants could not now profit by error in the *voir dire* examination of jurors and that is that the point is not mentioned in the motion for new trial. That assignment of error must be ruled against appellants.

The other assignment of error relates to Instructions 1, 2, and 4 given to the jury on behalf of plaintiff. No. 1 referred the jury to the other instructions for a definition of what would constitute negligence in this case. That in itself was not erroneous. If the other instructions had correctly told the jury what facts they would have to find in order to convict defendants by their servant of negligence, then No. 1 which referred to these instructions for the definition of negligence would not have been erroneous, but since the other instructions referred to in No. 1 were, as we think, erroneous, that made No. 1 erroneous also.

We think Instruction No. 2 was erroneous. As a basis for our consideration of this instruction we refer back to the petition which charges the following specific acts of negligence, to-wit:

(a) That the driver of the truck ''negligently started and ran said truck backward into the automobile in which plaintiff was driving when said driver knew, or by the exercise of ordinary care could have known, that plaintiff was approaching and passing along and near the rear end of said truck and in such position that such a movement of said truck backward would result in a collision thereof with said car.''

(b) That the driver of the truck backed it against plaintiff's car without looking or making any effort to ascertain the position of plaintiff's car.

(c) That he ran the truck backward against plaintiff's car when he saw, or by the exercise of ordinary care could have seen, that plaintiff's car was in a position where it was likely to be struck, without swerving the truck or stopping or slackening the speed of the truck.

(d) That he backed the truck against plaintiff's car without giving any signal by hand or by sounding the horn or any other signal, warning or notice of his intention to do so.

The foregoing are the specific acts of negligence alleged in the petition and it is familiar law in this State that when specific acts are alleged the proof must sustain one or more of them before plaintiff can recover and in the instructions to the jury, the jury should be required to find that one or more of the specific charges had been proven before they could find for plaintiff. Instruction No. 2 is as follows:

''The court instructs you that under the law every person operating a motor vehicle on the highways of this State shall exercise the highest degree of care and shall drive the same in a careful and prudent manner, and in this connection you are instructed that if you find and believe from the evidence that the driver of said truck knew that plaintiff's car was approaching, then it was his duty to signal plaintiff his intention to back up said truck and to give plaintiff a reasonable time and opportunity to pass behind said truck, or if you find from the evidence that the driver of said truck did not know that plaintiff's car was approaching, then it was his duty, if he had reasonable cause to expect that cars might pass along said highway, to back said truck carefully and at a reasonable speed after first signaling of his intention to do so.

You are, therefore, instructed that if you find and believe from the greater weight of evidence in this case that the driver of defendants' truck knew that plaintiff's car was approaching or had reasonable cause to believe that a car might approach and pass along behind said truck and that said driver suddenly backed said truck into and

against plaintiff's car without any signal of his intention to do so, and without first exercising the highest degree of care to ascertain if a car was approaching and passing behind said truck, then you are instructed that the said driver was guilty of negligence, and if you further find that by reason of such negligence, said collision occurred and plaintiff was injured, without fault or negligence on his part, then your finding and verdict should be for the plaintiff.''

Nearly all of these instructions emphasize the failure of the driver of the truck to give any signal of his intention to back. Appellants contend that it was error to instruct in this case that it was negligence not to give a signal for the reason that the purpose of the signal is to give a party notice of what is about to be done and since plaintiff testified that he saw the truck all the time from the time and before the driver began to back it and saw it all the time it was being backed, that signals could not have given plaintiff any knowledge other than that which he already had for that reason it was not actionable negligence not to give the warning. In that position we agree with appellants. Plaintiff did testify that he saw the truck all the time. Saw it start backing and saw it all the time while it was backing and certain it is that a failure to give signals did not cause the collision. Coupled with the requirement to find that no signal was given is the following: ''and without first exercising the highest degree of care to ascertain if a car was approaching and passing around said truck.'' That statement does not cure the error as to signals nor is it proper in any event because it submits the question of general negligence when the case was founded upon specific negligence.

The judgment will be reversed and the cause remanded. *Bailey* and *Smith, JJ.,* concur.