MADELINE MAVRAKOS, Respondent, v. MAVRAKOS CANDY COMPANY, a Corporation, and LADUE CONTRACTING COMPANY, a Corporation, Appellants, No. 41170—223 S. W. (2d) 383.

Division One, September 12, 1949.

Motion for Rehearing or to Transfer to Banc Overruled, October 10, 1949.

650

*E. C. Hartman, Thomas J. Guilfoil* and *Edmund C. Albrecht, Jr.*, for appellant Mavrakos Candy Company.

*Orville Richardson* for appellant Ladue Contracting Company.

652

*Everett Hullverson* and *Arthur G. Heyne* for respondent; *Forrest Boecker* of counsel.

654

 CONKLING, J.—Mavrakos Candy Company and Ladue Contracting Company, defendants-appellants, prosecute this appeal from an order which sustained the motion for new trial of Madeline Mavrakos, plaintiff-respondent, filed after jury verdict for both defendants in her personal injury action to recover damages of $175,000.

 About 8:30 A. M., on July 30, 1946, plaintiff was riding west on Conway Road in the front seat of her Studebaker automobile driven by her husband, John Mavrakos, in Ladue, St. Louis County, Missouri, when, at the intersection of Conway and Warson Roads, it collided with a truck of Ladue Contracting Company, which was moving south on Warson. There was a "STOP-THROUGH TRAFFIC" sign to stop westbound traffic on Conway before entering onto Warson Road, the latter a through highway. Plaintiff and her husband each testified the Studebaker did not stop there. Plaintiff's husband testified he ran by the stop sign in high gear at 10 miles per hour, increased speed, entered Warson Road without stopping and "was almost in the middle" of Warson Road when he first saw the truck. The Studebaker struck the truck on the left side at the front wheel. Plaintiff was severely injured.

Plaintiff was Vice-President, Treasurer, and supervising manager, and her husband was President of defendant Mavrakos Candy Company. That company manufactured candy, sold at wholesale and through its eight retail stores. All the stock of that company was family owned. The company furnished plaintiff for her use in its business the Studebaker automobile in which she was riding at the time of this occurrence. The Candy Company also furnished her husband a Lincoln automobile for his use in its business. Both automobiles were kept at the Mavrakos home, 15 Fair Oaks, in Ladue. On the morning in question John Mavrakos left their home to go to the airport (about 12 miles away) to fly to Chicago upon a business trip for Mavrakos Candy Company. Plaintiff went with her husband to drive her Studebaker automobile back to her home from the airport. The collision occurred about two miles from the Mavrakos home.

Each defendant carried public liability insurance upon its motor vehicle involved in the instant collision with the same insurer, T. H. Mastin & Company. Upon the pleadings and the evidence the interest of each defendant has been adverse to that of the other throughout the entire case. In the court below and here each defendant had different counsel. Mr. Richardson represented Ladue Company. Mr. Hartman represented Candy Company. During the voir dire

656

examination of the jury plaintiff's counsel, Mr. Hullverson, outside of· the hearing of the jury, asked counsel for defendants if ''T. H. Mastin Insurance Company'' was interested in the outcome of the case. Mr. Hartman replied he had been employed by T. H. Mastin to defend Candy Company. Mr. Richardson replied he had been employed by T. H. Mastin to defend Ladue Company. Mr. Hullverson thereupon inquired of the jury panel whether any juror knew the T. H. Mastin & Company or had been employed by that company or ever ''carried a policy of insurance in that company''. Thereafter, and when asking further questions voir dire of the jury panel Mr. Hartman, without objection, stated to the panel that, ''I do represent an insurance company'' which ''is only liable . . . in the event it (the collision) was the fault of the Mavrakos Candy Company'', etc. Upon his voir dire examination of the jury panel Mr. Richardson made no mention of insurance, or that Ladue was insured. That Mastin was Ladue's insurance carrier was not shown to the jury except as that fact may have been inferable from later noted testimony developed by plaintiff's counsel. Mr. and Mrs. Mavrakos were called as witnesses upon behalf of plaintiff. Mavrakos Candy Company offered no testimony.

After adverse verdict plaintiff filed her unverified motion setting out seventeen different grounds upon which she asked a new trial. The trial court's order sustained that motion on the 11th and 13th grounds only. The court filed ·a written memorandum explaining that order. That memorandum was in these words: (As to the 13th ground) ''There were two defendants in this case. One defendant admitted to the jury that the real party in interest was its insurer. It is uncommon for a defendant to admit it has insurance but it is done occasionally, when such admission carries with it an advantage, real or fancied, with the jury: The Court, however, cannot find any legal fault with this situation, although it is an outright attempt to gain favor with the ▆▆▆ jury. But in this case, the admission by one defendant that it carried insurance deceived the ·jury as both defendants were covered by insurance with the same insurance company. To carry the deception further, the insurance company hired two attorneys, one ostensibly representing one defendant, and the other attorney, the second defendant. On ·the surface, ·and for the benefit of the jury these two attorneys were opposing each other, when·in truth and in fact it was to the best interest of their client to work in entire accord. Either the jury should have been apprised of the real insurance situation or have been kept in complete ignorance. This case is so extraordinary that the Court feels the defendants' attorneys were acting in an ethical manner and nothing said here is any reflection upon their integrity. (As to the 11th ground) Suffice it to say, that over 5000 words were in the 29 instructions given by the court and 6 of these instructions referred to other instruc-

tions which would require the re-reading of 15 instructions. The court erred in placing so heavy a burden upon the jury".

The court below granted the new trial, as to the insurance matter, because counsel for defendant Candy Company stated to the jury he represented an insurance company but counsel for defendant Ladue Company made no such statement to the jury. The court merely ruled that either, counsel for each defendant, or counsel for neither defendant, should have stated to the jury that he represented an insurance company. The 11th ground of the motion upon which it was also sustained was that the twenty-nine given instructions, "by their very numbers was confusing" to the jury. The court merely ruled that the multiplicity of the instructions confused the jury, i. e., that he gave too many instructions. The new trial motion was over-ruled on grounds 10 and 15 thereof alleging there were errors of law in the instructions. Castorina v. Herrmann, 340 Mo. 1026, 104 S. W. (2d) 297, 300.

Each defendant here contends that the trial court erred (1) in awarding plaintiff a new trial upon the grounds assigned, and that, (2) in any event, the court erred in refusing to sustain its separate motion for a directed verdict. It is plaintiff's position that (1) the new trial motion was properly sustained on the grounds assigned, (2) instructions six and fourteen were conflicting and confusing, (3) the proof did not support the submission made by instruction fourteen, and (4) certain testimony was erroneously admitted. Plaintiff contends the new trial motion was sustained on discretionary grounds not reviewable on appeal unless it appears the trial court's discretion was abused. We must first consider that contention.

As to the insurance matter above, the 13th ground of the motion alleged "both defendants in this case were represented by T. H. Mastin and Company", and that "both attorneys did fail to disclose to the jury that . . . Ladue . . . was represented by the same insurance company". Other factual matters were also alleged in the 13th ground but the motion was unverified and no evidence was introduced in support of them. Inasmuch as the motion does not prove itself they cannot be considered. Harrison v. Mc-Nergney, (Mo. App.) 111 S. W. (2d) 191, Mickel v. Thompson, 348 Mo. 991, 156 S. W. (2d) 721, 725.

The insurance matter presents a pure question of law and is reviewable on appeal. Generally speaking, a trial court has discretion in passing on a motion for new trial and, generally, appellate courts are liberal in sustaining an order granting a new trial. Reichmuth v. Adler, 348 Mo. 812, 155 S. W. (2d) 181. But such discretion is limited to "questions of fact and matters affecting the determination of issues of fact". The jury's verdict may not be arbitrarily vacated. The trial court "may not be permitted to set aside the verdict of the jury unless some legal ground is shown which may

properly be the basis for such action.'' Bailey v. Interstate Airmotive, Inc., 358 Mo. 1121, 219 S. W. (2d) 333, 339. And where the reason for granting a new trial and the judicial act of granting it is ''directed solely to a question of law, and the act is erroneous, it does not fall within the rule of the exercise of sound judicial discretion'', for there is no discretion as to the law. Schipper v. Brashear Truck Co., (Mo.) [387] 132 S. W. (2d) 993, 125 A. L. R. 674, Loftus v. Metropolitan Street Railway Co., 220 Mo. 470, 119 S. W. 942. The discretion of the trial court to set aside a verdict because against the weight of the evidence is a legal ground to do so. But this motion was overruled as to that assignment. The substance and effect of the court's order and memorandum as to the 13th ground is that the jury had a *legal right* to know that Ladue also was insured by Mastin. And whether the jury had a right to know that fact, i. e., whether it was *compulsory* on Ladue's counsel, under these circumstances, to so state to the jury presents only a question of law. The instant ground, therefore, rests on an erroneous view of the law and not upon an exercise of judicial discretion. For reasons hereinafter more fully appearing, we rule that the 11th ground of the new trial motion also presented a question of law. The action of the trial court in sustaining the new trial motion, therefore, is reviewable.

We next consider whether the court erred in granting the new trial because the jury was not told that Ladue was also insured by Mastin. Plaintiff's counsel, as was his right, during voir dire but out of the jury's hearing, compelled counsel for each defendant to answer affirmatively respecting insurance coverage. He then asked the usual insurance question of the jury panel. Thereafter, upon the further voir dire Mr. Hartman, without objection by either of the other litigants stated to the jury that ''I do represent an insurance company''. We do not agree with plaintiff's contention that Mr. Hartman had no right, if he chose so to do, to make that statement to the jury. The insurance issue was first opened to the jury by the voir dire question of plaintiff's counsel. While counsel, who, in fact, are representing an insurance carrier in a personal injury action before a jury generally do not do so, yet under these circumstances, they may make such fact known to the jury if they desire to incur the risk thereby involved. Grindstaff v. J. Goldberg & Sons Structural Steel Co., 328 Mo. 72, 40 S. W. (2d) 702, State ex rel. Tramill v. Shain, 349 Mo. 82, 161 S. W. (2d) 974, Olian v. Olian, 332 Mo. 689, 59 S. W. (2d) 673.

Before the jury, plaintiff made ingenuous and advantageous use of the fact of insurance coverage in the taking of testimony. On cross-examination of witness Hampson, a photographer called by Ladue to identify certain photographic exhibits taken on the morning of, and after the collision, plaintiff proved that someone with T. H.

Mastin Company called him to take the pictures. On cross-examination of the truck driver, plaintiff proved that the photographer "was some one from the insurance company". In his closing argument to the jury Mr. Hullverson made fifteen impassioned references to the insurance company. But after making such use of it he now contends for plaintiff that the fact of any insurance coverage was not properly in the case. Plaintiff made no objection when Mr. Hartman stated to the jury that he represented the insurance carrier of the Candy Company. After that statement no motion was made by plaintiff to discharge the jury panel and secure a new one. In any event, the statement made by Mr. Hartman to the jury that he represented an insurance company could not have been prejudicial to plaintiff. The fact that a jury is more likely to render a verdict against a defendant, and for a larger amount, if it knows the defendant is protected by insurance, has been judicially noticed. Waits v. Hogan, (Tex.) 220 S. W. (2d) 915. That fact of insurance coverage could have prejudiced only the the chances of Mr. Hartman's client. Olian v. Olian, supra. Plaintiff's contention must be denied.

■ Under these circumstances was the trial court justified in setting aside the jury's verdict because Mr. Richardson, counsel for Ladue, failed to state *to the jury* that he also was representing Mastin as the insurance carrier for Ladue? Can a new trial properly be granted because Mr. Richardson failed to make that admission *to the jury?* Under what circumstances may a prejudicial admission by a litigant *to the jury* be *compelled* by a court?

■ In the conduct of his client's cause, the right of counsel, within the law, to determine questions of trial tactics, or policy or strategy is one the courts must not infringe. If the day should come when such right cannot be thus exercised courts of ·justice will no longer "be open to every person". Has any court any right to compel any litigant to make any admission of any character *to the jury* upon any trial? It has not. Does not any litigant upon any trial in any court have the legal right to stand mute. *before the jury,* and place his opponent upon strict proof? He does. Does not any litigant have a right, under the penalties of the law, to refuse to file an answer or to attend the trial in court of an action brought against him? He does. Can a court say to one of two litigants brought in by summons and defending in a single action: "Because your co-defendant has made admission A to the jury, you must likewise make admission A to the jury"? No court may do that.

The familiar rule of law in this state respecting the right of a plaintiff in a personal injury action to ask of defendant's counsel (out of the jury's hearing) and of the jury the usual insurance questions need not be here restated. That rule is not in question here. But we cannot agree with the trial court that, under the instant circumstances, it had a legal ground to set aside the jury's verdict

merely because one defendant chose to incur the risk involved in making a forthright statement to the jury as to its insurance coverage, while the other exercised its legal right to make no such statement to the jury. No court has any right to compel a litigant to make *to the jury* any such prejudicial admission. That Ladue stood mute upon that matter was but a trial. incident that had no possible effect on the merits of the case. And, too, it clearly falls within that class of incidents the entire control of which, by our Rule 4.24, is reposed in counsel. It was neither a legal nor a discretionary ground for granting a new trial that Ladue chose to stand mute before the jury upon that matter.

Further discussion of the court's memorandum should not be necessary. But there was no question of "deception" of the jury involved here. And the determination of what was "to the best interest of their client" or what was "an outright attempt to gain favor with the jury" as shown by the record before us, was purely a matter of trial tactics within the sole determination of litigant and counsel. Most litigants attempt to gain the jury's favor. The law does not prohibit that. A wholly proper "attempt to gain favor with the jury" is not a legal ground for the granting of a new trial. Nor can a new trial legally be granted because two litigants, jointly sued, exercise their legal prerogative to be represented by separate counsel. That a trial court may reach a conclusion contrary to that reached by a counsel upon the trial strategy question of what was to "the best interest" of the counsel's client is no legal ground upon which a new trial may be granted. Questions of policy in the trial of a case (which necessarily includes when and upon what subject to speak and when and upon what subject to stand mute) are for the litigant and his counsel.· Court proceedings are conducted under the. vigilant and unbiased direction of the trial judge. The trial court's sole jurisdiction in the instant respects is to see that all litigants exercise their rights in only a proper manner and at all times within the law. We rule that the trial court erroneously granted the new trial as to the 13th ground of the motion.

We next consider whether the mere *number* of instructions given confused the jury under the circumstances of this case. Of the twenty-nine instructions given, thirteen were given for plaintiff, thirteen were given for Ladue, two were given for Candy Company and one was given of the court's own motion. Plaintiff's petition charges seven acts of negligence against Ladue and nine against Candy Company. Plaintiff separately submitted six acts of negligence (primary and humanitarian) in six of her given instructions. Plaintiff also instructed upon the highest degree of care, concurring negligence (as to each defendant), sole cause, the measure of damages, and was given one withdrawal instruction. Eight of Ladue's thirteen given instructions properly ▮ presented the converse of

some matter instructed upon by plaintiff. Ladue also instructed on burden of proof, credibility of witnesses, no speculation, physical facts, and the degree of care required of plaintiff upon certain conditions. One of Candy Company's instructions was a proper converse instruction and one was upon the theory of the negligence of plaintiff's husband as a fellow employee of plaintiff.

The court should never give long, numerous and argumentative instructions. Such instructions tend to confuse the jury. Prince v. K. C. Southern R. Co., 358 Mo. 393, 214 S. W. (2d) 707, Clark v. Atchison & Eastern Bridge Co., 324 Mo. 544, 24 S. W. (2d) 143. In most cases a multiplicity of instructions "is not to be commended", Lloyd v. Alton R. Co., 351 Mo. 1156, 175 S. W. (2d) 819, and, where possible, a multiplicity of instructions should be avoided. Where the issues are few and simple a court is justified in refusing to give a multiplicity of instructions. Crawshaw v. Sumner, 56 Mo. 517, Coe v. Griggs, 76 Mo. 619.

However, the instructions in each case must be considered in the light of all the circumstances therein presented. Under the unusual instant facts and issues, we cannot agree that the instructions here given were confusing by their very numbers. We have very carefully considered all the instructions and their applicability to the many issues raised. None of the instructions were long, argumentative or reiterative. They were clear, concise and understandable. Especially where there is a multiplicity of parties and issues in a case, it is the preferred practice to confine an instruction to a single matter. And while that practice will require more instructions to cover the various phases upon which it is proper to instruct, each instruction will be shorter and more understandable. As a whole, the instant instructions cover only the phases of this case upon which it was proper to instruct, fairly present the law to the jury and are not calculated to mislead. Instructions which refer the jury to other given instructions are not therefor erroneous, when the referred to instructions are correct. Ivey v. Hanson, 226 Mo. App. 38, 41 S. W. (2d) 840. The trial of this case with its many issues and many witnesses consumed five days. The record before us is voluminous. And while in his memorandum the court observed the instructions were a burden on the jury, yet it was the jury's function and duty to hear and consider the well declared law. If the law of the case is properly declared in both form and substance it is the jury's duty to hear them, read them and consider them as the law of the case. Where, as here, the given instructions concisely, understandably and correctly declare the law as to the proper field for instruction in the particular case, they may not either be speculated to have been or held as a matter of law to have been confusing or burdensome to the jury merely for multiplicity. We rule that under these circumstances the number of the instructions given was neither confusing nor burdensome to the jury.

662

■ But plaintiff further urges that instruction six requested by and predicating a verdict for Candy Company under certain fact findings, when considered with instruction fourteen stating the degree of care required of plaintiff under certain fact findings, was necessarily confusing to the jury. We cannot agree. Instruction six (given for Candy Company) instructed that if plaintiff's injuries proximately resulted from the negligence of a fellow employee (her husband) the verdict should be for Candy Company. The instruction is terse, direct, simple and correct. Instruction fourteen (given for Ladue) instructed that if plaintiff and her husband were on a joint undertaking for a common business purpose, then as between plaintiff and Ladue, plaintiff had to exercise the highest degree of care, but, if plaintiff was only a guest in the Studebaker, then, as to Ladue, she had to exercise only ordinary care. The instruction simply and correctly declared the law. There was no inconsistency or contradiction in the two instructions. No confusion could have resulted from them. There is no merit in plaintiff's instant contention. It is our considered conclusion and we rule that the trial court erred in sustaining the ■ plaintiff's motion for new trial upon the grounds assigned by the court in its order.

■ And plaintiff also contends the evidence does not support the submission in instruction fourteen that, if the jury found certain facts there submitted, then (under the imputed negligence theory) she was required to exercise the highest degree of care. That contention is without merit. We deem it unnecessary to here detail the great mass of evidence before us upon this point. We note from the record, however, in addition to facts appearing above, that by corporate resolution plaintiff was required to devote her entire time and best efforts to Candy Company's interests and she did give four to six days a week to its business; that, as part of that company's business, it was necessary to get her husband to the airport; that it was just as necessary to return her car from the airport as it was that her husband be taken to the airport; that the Candy Company maintained the cars and furnished the fuel for the two automobiles as a business expense; and while only her husband had to go to Chicago on this occasion, their joint cooperation was necessary and both of them had to go to the airport to get her husband there. Sometimes in taking him to the airport he drove the car, sometimes she drove it.

By agreement, and in the corporate form, plaintiff and her husband carried on a business enterprise for joint profit. They combined their property, money, effects, skill, knowledge and time. They had a community of interest in the performance of a common purpose to transport John Mavrakos to the airport and a joint proprietary interest in that journey. As a part of Candy Company's business it was necessary to transport him there and equally necessary to the company's business that plaintiff's car be not left at the airport. We

think there is no question but that the record facts support the submission made by that portion of instruction fourteen. State ex rel. McCrory v. Bland, 355 Mo. 706, 197 S. W. (2d) 669, Mendenhall v. Neyer, 347 Mo. 881, 149 S. W. (2d) 366, Smith v. Wells, 326 Mo. 525, 31 S. W. (2d) 1014, Tannehill v. K. C. C. & S. Ry. Co., 279 Mo. 158, 213 S. W. 818.

It is also further contended by plaintiff that the trial court erred in admitting evidence that Candy Company's insurer "had paid defendant Ladue's (property) damages". When Mr. Gilbert, President of Ladue, was testifying he was asked on direct examination if the Mastin Company paid him for his truck. Neither plaintiff nor the Candy Company objected to the question. Gilbert replied in the affirmative. There having been no objection to the question, subsequent objection came too late. Later, during further direct examination, that question was again asked. Plaintiff then objected. That objection was sustained. After that witness had been cross-examined and excused, out of the jury's presence Candy Company moved the court to declare a mistrial and discharge the jury because of the above question and answer. Plaintiff's counsel objected thereto and then contended that Candy Company's motion for a mistrial "comes away too late . . . I do not want a mistrial, but want to proceed with the case". Later, and during the colloquy in the court's chambers respecting the motion for mistrial Mr. Hullverson said: "I think it can be cured by instruction, Your Honor, so I'll offer an instruction". Later Mr. Mavrakos testified that the Candy Company did not authorize any one to pay Ladue anything. At plaintiff's request the court in writing instructed the jury that "there is no evidence in this case that T. H. Mastin and Company made any settlement of any character with Ladue Contracting Company for any damage to its truck". No error was committed, but if there had been the instruction would have cured it. Orr v. Shell Oil Co., 352 Mo. 288, 177 S. W. (2d) 608. Plaintiff's contention is without merit.

The court erred in sustaining plaintiff's motion for new trial. The above additional points made by plaintiff and the authorities cited have been carefully examined, but they do not warrant the court's ruling on the new trial motion. It is unnecessary, therefore, to consider the other contentions of defendants. The case was ably tried by all counsel and was correctly submitted to ▮ the jury. The jury returned its verdict. The judgment of the lower court sustaining plaintiff's motion for new trial is reversed and the cause remanded with directions to enter judgment for defendants upon the jury's verdict. It is so ordered. All concur.