Robert H. WALLACE, Respondent,

v.

Buddy Dale WHITZEL, Appellant.

No. 22903.

Kansas City Court of Appeals.

Missouri.

May 4, 1959.

**158**

Henry G. Eager, Franklin H. Mize, Blackmar, Swanson, Midgley, Jones & Eager, Kansas City, for appellant.

Laurence B. Silks, Kansas City, Quinn & Peebles, Kansas City, of counsel, for respondent.

HUNTER, Judge.

This is an appeal from the action of the trial court in sustaining a motion for a new trial for the stated reason that defendant intimated to the jury that he would have to pay any judgment against him out of his own pocket.

The action commenced with Robert H. Wallace, plaintiff-respondent, seeking recovery for $3,000 against Buddy Dale Whitzel, defendant-appellant, for alleged personal injuries and property damage to his automobile resulting from an intersection collision on July 18, 1957, at 43rd and Euclid Streets in Kansas City, Missouri. Defendant answered, and also counterclaimed for $1,000 for property damage to his automobile arising out of the collision. A "dog-fall" resulted from the jury verdict in that it found for defendant on plaintiff's petition and for plaintiff on defendant's counterclaim. The trial court granted both plaintiff's and defendant's separate motions for new trial. Only defendant has appealed.

Prior to the selection of the jury, defendant's counsel in the court's chambers upon request advised plaintiff's counsel that defendant was being defended by the Central Surety and Insurance Corporation against plaintiff's claim but that this company had no interest in defendant's counterclaim for damages to defendant's car. Plaintiff's counsel then indicated his intention to ask a single question on voir dire to the general effect of whether or not any member of the jury panel or any members of their immediate family either holds stock with Central Surety or is employed by them. Defendant's counsel

stated to the court that he had no objection to that question. While the record before us does not include the voir dire examination, we presume from what both counsel say in their briefs that this one question was asked by plaintiff's counsel.

During the first portion of the closing jury argument of plaintiff the following occurred: (plaintiff's counsel) "As I told you at the beginning this is not going to make anybody rich. The plaintiff has only asked for $3,000.00 including his property damage. Some of you might wonder why he didn't ask for more but myself and the firm I am associated with arrive at what we consider a fair value. We try not to over evaluate a case. We arrived at the figure of $3,000.00 that we feel would be a fair and reasonable figure in compensation to Mr. Wallace for his injuries, his pain and suffering, and his property damage."

Thereafter, defendant's counsel in his closing jury argument stated: "$3,000.00 may not be very much money to Mr. Silks (plaintiff's counsel) and Mr. Wallace, it may be what Mr. Silks and his law firm, Quinn and Peebles, think is the most they should ask you for. I don't know the whys or wherefores for it. $3,000.00 is a lot of money for Mr. Whitzel and to me. He has told you he works on construction jobs and is a boy as you can see. He also thinks it is pretty important that he get a verdict for $900.00 if you find his car was damaged by this accident. (Plaintiff's counsel): Objection. The Court: Gentlemen, I wish you would stay within the record and then it would not be necessary to make these objections on either side. (Defendant's counsel): I have not strayed from the record at all. (Plaintiff's counsel): Let the record show the plaintiff objects to the indication and inference that the defendant has to pay for this out of his own pocket. That is a reversible error to allege there is no insurance or there is insurance. The Court: That is correct, talk about the plaintiff and defendant.

Sustained. (Defendant's counsel): The plaintiff is asking for money for his car as a result of this accident. The thing is the evidence irrefutably shows no negligence on the part of the defendant to have caused the accident, instead Mr. Wallace caused the accident and Mr. Whitzel is entitled to recover on his counterclaim."

The trial court sustained plaintiff's motion for a new trial upon *only* the following ground set forth as paragraph 6 of the motion for new trial:

"6. Because the Defendant's Counsel in his closing argument made the statement to the Jury that the Defendant would have to pay any judgment rendered by the Jury for the plaintiff out of the defendant's own pocket, when Defendant's Counsel knew that this was not true and that in fact Defendant's Counsel was representing the Central Security (sic) and Insurance Corporation which carried a policy of liability insurance on the Defendant and his vehicle; said statement constituting reversible error and grounds for a new trial."

On this appeal defendant contends the trial court erred in granting plaintiff a new trial for five reasons; namely, (1) Because the above set out argument was not reasonably susceptible of an inference of "non-insurance," (2) Because it was properly in reply to the preceding jury argument of plaintiff's counsel concerning the amount of damages which plaintiff was requesting from the jury, (3) Was properly retaliatory, (4) Was not objected to, and (5) In any event did not amount to error as the trial court timely granted all the relief requested by plaintiff.

It is clear that the trial court in sustaining the motion for a new trial did not act upon discretionary grounds but sustained it solely on ground 6 of the motion. By specifying this ground, and none other, the trial court, in effect, overruled the other grounds assigned in the motion. Smith v. St. Louis Public Service Com-

pany, Mo.Sup., 277 S.W.2d 498, 502; Murphy v. Kroger Grocery & Baking Co., 350 Mo. 1186, 171 S.W.2d 610, 611.

■ It is the established rule that before a trial court is justified in setting aside a verdict and granting a new trial on the ground of error committed in the trial there must be error committed and it must be prejudicial to the losing party. State ex rel. Missouri Mutual Ass'n v. Allen, 336 Mo. 352, 78 S.W.2d 862, 865; Stark v. St. Louis Public Service Co., Mo.App., 211 S.W.2d 500, 505.

■ As stated in Mavrakos v. Mavrakos Candy Co., 359 Mo. 649, 223 S.W.2d 383, 386, "Generally speaking, a trial court has discretion in passing on a motion for new trial and, generally, appellate courts are liberal in sustaining an order granting a new trial. * * * The jury's verdict may not be arbitrarily vacated. The trial court 'may not be permitted to set aside the verdict of the jury unless some legal ground is shown which may properly be the basis for such action .' "

Thus, while the trial court, in passing upon a motion for new trial, has a discretion with regard to questions of fact and matters affecting the determination of issues of fact, it may not exercise that discretion arbitrarily or injudiciously, and may not be permitted to set aside the verdict of the jury unless some legal ground is shown which may properly be the basis for such action. McDonald v. Heinemann, Mo.App., 141 S.W.2d 177, 182; Schipper v. Brashear Truck Co., Mo.Sup., 132 S.W. 2d 993, 125 A.L.R. 674. An abuse of the judicial discretion vested in the trial court results when there is rendered an erroneous conclusion in judgment, one that is clearly against logic and the effect of facts before the court or the reasonable, probable and actual deductions to be drawn from such facts and circumstances. Harriman v. Harriman, Mo.App., 281 S.W.2d 566, 577; State ex rel. Rosen v. McLaughlin, Mo. Sup., 318 S.W.2d 181, 184.

Turning to the questioned jury argument it was plaintiff's counsel who first went beyond the record in undertaking to explain why plaintiff was seeking "only" $3,000 " * * * myself and the firm I am associated with arrive at what we consider a fair value. We try not to over evaluate a case. We arrived at the figure of $3,000 * * *." It is thereafter that defendant's counsel replied "$3,000.00 may not be very much money to Mr. Silks and to Mr. Wallace, it may be what Mr. Silks and his law firm, Quinn & Peebles, think is the most they should ask you for. I don't know the whys or wherefores of it. $3,000.00 is a lot of money for Mr. Whitzel and to me. He has told you he works on construction jobs and is a boy as you can see. He also thinks it is pretty important that he get a verdict for $900.00 if you find his car was damaged by this accident."

■ The unobjected to evidence in the case was that defendant was a minor and was employed in the construction business as a carpenter's helper. Even so, we recognize the rule that counsel may properly comment on any fact in the record only so long as it has a legitimate bearing on any issue in the case, and he may not make an unfair, misleading and prejudicial argument on immaterial facts which happen to get into the record without objection and justify the argument on the ground that the facts about which he argued were in the record. Beer v. Martel, 332 Mo. 53, 55 S. W.2d 482, 484.

■ We also recognize the general rule that in ruling on the propriety of a jury argument the trial judge may determine how the jury might *reasonably* construe the language used. Often the language used is so clear as to leave no doubt. In other instances the language used may *reasonably* be said to convey more than one meaning. In such event, the trial judge's determination of the propriety of the argument need not necessarily be based solely on the language itself. The argument may be interpreted by the trial court in its setting and

against its background, or, in the light of the other circumstances of the particular case. Phillips v. Vrooman, Mo.Sup., 251 S.W.2d 626, 630.

■ Defendant's position is that the argument was proper and did not, in fact, inject, "non-insurance." It has not been decided in this state whether a statement to the effect that the defendant is not insured is such a plea of poverty as to constitute prejudicial error. Cf. Clayton v. Wells, 324 Mo. 1176, 26 S.W.2d 969; Joyner v. Kimmell, Mo.App., 217 S.W.2d 724; Kulengowski v. Withington, Mo.App., 222 S.W.2d 579. Certainly in the case before us such a statement would be irrelevant and have no proper place in the trial. Nevertheless, we are not called upon to decide that question for we do not believe the argument of defendant's counsel can fairly and reasonably be said to inject the issue of "no insurance" into the case.

The objected to statement obviously was defendant's counsel's endeavor to counteract plaintiff's counsel's immediately preceding argument to the effect that "only" $3,000 was asked; that it would not make plaintiff rich, and that it was a reasonable sum because he and his law firm had determined it and they did not overevaluate their cases. Plaintiff's counsel's argument tended to minimize the amount of money sought, and treated it as a somewhat small, inconsequential sum. Defendant's counsel not only was endeavoring to offset plaintiff's counsel's references not within the record to the personal opinions of himself and his law firm as to the proper value of the case and how they determined it in their law office, but also was endeavoring to offset the implication that "only" $3,000 was an inconsequential sum and of no great importance. Defendant's counsel stated it was "a lot of money" to him and for defendant, who was being sued for it. Defendant's counsel made no mention of insurance or non-insurance either directly or indirectly. He followed the questioned statement immediately with an unquestion-

ably proper reference to defendant's counterclaim for damage to his personal car.

For us to say that a jury composed of reasonable men would or might draw an inference of non-insurance from what was said by defendant's counsel is to our minds too extreme, tenuous and improbable to be justified. Cf. Piechuck v. Magusiak, 82 N.H. 429, 135 A. 534. Certainly under the circumstances shown what was said does not afford a proper basis to set aside a jury verdict otherwise properly obtained.

Before reaching our above announced conclusion, we carefully examined the entire transcript to see if anywhere in it some other incident, fact, or evidence exists which might, when defendant's counsel's statement is considered with it, reasonably lead to the conclusion that the jury would or might understand that they were being told that defendant was not insured. We found none.

In this respect the case before us is completely distinguishable from such cases as Phillips v. Vrooman, Mo.Sup., 251 S.W.2d 626, where after the subject of insurance was gone into on voir dire it was thereafter "kept green" (alive) before the jury by other remarks that could reasonably be said to refer to it and to cause the jury to believe defendant *had* insurance coverage. The voir dire examination in the case before us cannot reasonably be said to suggest to the jury that there was *no insurance* in the case.

In summary, we have concluded that under all the circumstances shown by the record including the particular mentioned statements and conduct of both plaintiff's counsel and defendant's counsel and the court's rulings in connection therewith no legal ground exists to support the trial court's action in vacating the verdict of the jury and the granting of a new trial. Such being the case the trial court erred in granting a new trial.

■ Defendant filed a written motion to tax against plaintiff the costs of certain

portions of the transcript which he deemed unnecessary to the appeal. We have taken that motion with the case. Since the costs of this appeal go against plaintiff as the unsuccessful party on appeal, there is no need to consider the motion, and it is overruled.

The order sustaining plaintiff's motion for new trial is reversed and the cause remanded with directions to the trial court to reinstate the verdict of the jury on plaintiff's cause of action and to enter judgment thereon accordingly. It is so ordered.

All concur.