STATE of Missouri ex rel. STATE HIGH-
WAY COMMISSION of Mis-
souri, Appellant,

v.

William H. HUTCHISON et al., on Excep-
tions of Ralph C. Boyer, Respondent.

No. 24392.

Kansas City Court of Appeals.

Missouri.

June 6, 1966.

Robert L. Hyder, Joe Bill Carter, Robert E. Douglass, Jefferson City, for appellant.

Frith & Lewis, by Robert C. Frith, Chillicothe, for respondent.

SPERRY, Commissioner.

This is a highway condemnation suit instituted by plaintiff against defendant to acquire land for the purpose of relocating highway 170, in Livingston County, and for raising the level of the roadbed to a height of eleven feet above flood waters. Commissioners were appointed and assessed damages in the sum of $2,350.00. Plaintiff appealed. Trial to a jury resulted in a verdict in the amount of $1,350.00. Defendant moved that the verdict be set aside and that he be granted a new trial on the stated grounds that the verdict is against the weight of the evidence and is grossly inadequate. The court found that the verdict is inadequate and against the weight of the evidence, and ordered a new trial. Plaintiff appealed.

Defendant owned 100 acres of bottom land, located in the valley of the Thompson branch of the North Grand River. It was rectangular in shape, ¼ mile wide, from east to west, and ⅝ of a mile long, from north to south. It lay south of and adjacent to "old" 170 highway. This section of 170 highway was relocated to the south, across this tract, its entire width from east to west, and the roadbed was raised to a height of eleven feet above the level of the farm. Thereafter, 30 acres lay to the north of new 170 and 66.37 acres to the south. The land actually taken for a roadway and for a drainage ditch (the dirt taken from the ditch was used in the road) was 8.63 acres. The land was subject to some overflow from the river and the drainage across it was from northeast to southwest. Defendant contends that the land actually taken was worth $150.00 per acre; that the north 30 acres will be greatly damaged because the overflow water will be dammed by the eleven foot high road embankment, without an adequate outlet for the overflow water, thereby making of it a swamp; and that he has been damaged by a severance of his land into two separate pieces. He claimed that his farm, as a whole, had been damaged in the amount of $5000.00. He offered substantial evidence tending to establish these contentions.

Before any evidence was taken it was announced that, by agreement of the parties, the judge and the jury would view the property, which was done. They rode along old 170 and also along relocated 170, and looked at the land and the construction works.

Plaintiff adduced testimony tending to prove defendant's total damages to be no more than from $275.00 to $420.00. It contends that the court lacked power to adjudge a new trial on the grounds that the verdict was inadequate and against the weight of the evidence, because the jury, by agreement of the parties, viewed the land and the construction and could, and did, determine the amount of damages based on what they themselves saw; that the parties thereby bound themselves to abide by the verdict. This is a novel theory.

It is the law that a trial judge may, in his discretion, grant one new trial on the ground that the verdict is against the weight of the evidence. In State ex rel. State Highway Commission v. Belvidere Development Co., Mo., 315 S.W.2d 781, 784, the court said:

"Plaintiff has misconceived the province and power of the trial court when, acting in the exercise of its discretion, it sets aside a verdict and awards a new trial on the ground the verdict was against the weight of the evidence. It is true that this discretionary ground is a 'legal' ground for awarding a new

trial in the sense that the trial court has the inherent legal power to award a new trial on such discretionary ground. Mavrakos v. Mavrakos Candy Co. (359 Mo. 649, 223 S.W.2d 383), supra. But, in the exercise of this discretionary power, the trial court is not treating with the question of the law of a case. The trial court is weighing conflicting evidence on the factual issues, and if the trial judge believes the verdict of a jury is against the weight of the evidence, he has the duty to direct the entry of the trial court's order granting a new trial.

"In giving Instruction No. 6, an instruction on the credibility of the witnesses, the trial court in the prefatory sentence we have quoted was apparently advising the jury of the jurors' trial function, vested exclusively in them, of judging the credibility of witnesses and the weight and value of the testimony. In making up their verdict it is the jurors' exclusive province to weigh the evidence introduced on the factual issues submitted to them. Of course, the trial court in giving Instruction No. 6 did not delegate or surrender to the jury or waive the trial court's discretionary power, after verdict, to grant one new trial on the ground the verdict was against the weight of the evidence. And the trial court, by this exercise of discretion, did not 'reverse its position' with respect to the giving of any instruction.

"It has been so often said that a trial court is vested with an inherent and broad discretion in granting one new trial on the ground the verdict and judgment are against the weight of the evidence. See some of the more recent cases—Hoppe, Inc., v. St. Louis Public Service Co., 361 Mo. 402, 235 S.W.2d 347, 23 A.L.R.2d 846; Dawson v. Scherff, Mo.Sup., 281 S.W.2d 825; Liddle v. Collins Const. Co., Mo.Sup., 283 S.W.2d 474; Andres v. Brown, Mo.Sup., 300 S.W.2d 800; Schmidt v. Allen, Mo.Sup., 303 S.W.2d 652; reference is now again made to Vol. 22, West's Missouri Digest, New Trial, ▇▇▇ for the many other and earlier cases. See also the statute, Section 510.330 RSMo 1949, V.A.M.S. The trial court's ruling upon that ground will not be disturbed, except in cases of manifest abuse. Dawson v. Scherff, supra. 'The rule is sometimes expressed by saying "that the granting of a new trial by the trial court will not be interfered with on appeal where there is substantial evidence to sustain the trial court's view, or, putting it in another way, when there is substantial evidence to support a verdict for the party to whom a new trial is granted." Walsh v. Southwestern Bell Tel. Co., 331 Mo. 118, 131, 52 S.W.2d 839, 845.' Dawson v. Scherff, supra (281 S.W.2d 831)".

▇ The court was vested with the power to so exercise its discretion if there was substantial evidence in the case to support a verdict in a larger amount than that awarded by the jury. The award of the commissioners who assessed the damage was that defendant was damaged in the sum of $2350.00. There was substantial testimony tending to establish damages of $5000.00. Certainly, the court had the discretionary power to act in this case. Union Electric Co. v. McNulty, Mo., 344 S.W.2d 37, 39.

▇ However, plaintiff says the court lost that power because the jury, by agreement of the parties, viewed the property affected and thereby *agreed that they would abide the jury's verdict*. There is nothing in the record indicating that any such agreement to abide the verdict was made between the parties. At most, it could only have been implied. But, whether implied or express, the power of the court to grant a new trial on the weight of the evidence may not be diminished on any such flimsy grounds. The court saw the witnesses, observed their demeanor on the witness stand, was in a position to judge of

their interests and qualifications, and also viewed the highway and the land involved.

The judgment is affirmed.

MAUGHMER, C., concurs.

PER CURIAM:

The foregoing opinion of SPERRY, C., is adopted as the opinion of the Court.

HOWARD and BLAIR, JJ., concur.

CROSS, P. J., not participating.