STATE of Missouri ex rel. STATE HIGH-
WAY COMMISSION of Missouri,
Plaintiff-Appellant,

v.

BELVIDERE DEVELOPMENT COMPANY
et al., Exceptions of Marvin L. Smart and
Gladys C. Smart, Defendants-Respondents.

No. 46444.

Supreme Court of Missouri,

Division No. 1.

Sept. 8, 1958.

782

Robert L. Hyder, Minor C. Livesay, Ralph H. Duggins, Jefferson City, for appellant.

Clay C. Rogers, Jack B. Robertson, Rogers, Field, Gentry & Jackson, Kansas City, for respondents.

VAN OSDOL, Commissioner.

This is a condemnation case. Commissioners, duly appointed, awarded defendants-respondents, landowners-condemnees, Marvin L. and Gladys C. Smart, $26,000 for the taking of part of their property situate in Jackson County, to which award both plaintiff-condemner (appellant) and defendants filed exceptions. Subsequently, upon trial in the Circuit Court by a jury a verdict was returned awarding defendants $9,275. Defendants had introduced evidence tending to support an award of as much as $57,550, or more. The trial court sustained defendants' motion for a new trial on the specified ground that the verdict was against the weight of the evidence. Plaintiff has appealed.

█ The record affirmatively shows the jury's award, $9,275, was more than $7,500 less than an amount to which defendants contended they were entitled. This court has appellate jurisdiction of the cause. Const. Art. V, § 3, V.A.M.S.; State ex rel. Chariton River Drainage Dist. v. Montgomery, Mo.Sup., 275 S.W.2d 283.

This proceeding was instituted by plaintiff to acquire property in the construction of a four-lane, limited-access highway, now designated as "State Highway Route U. S. 71, Jackson County," from Route 150 northwardly to Hickman Mills. The plan also contemplates an adjacent 36-foot outer-roadway east of the improved four-lane highway, that is, west of the land of defendants which remains after the taking and to which outer-roadway owners of abutting properties to the eastward are to have unlimited access.

The property belonging to defendants, as indicated, lies on the east side of original U. S. Highway 71 and extends 185.5 feet north and 185.5 feet south of intersecting 136th Street, a 50-foot, east-west street which, according to plan, is to connect with the outer-roadway. Defendants' property extends eastwardly from original U. S. Highway 71 several hundred feet, and is 7.33 acres in total area. The west 250 feet of defendants' property is appropriated for the stated improvement and is of the total area of 2.423 acres; and there is a contemplated additional easement extending more eastwardly over an additional 0.053 of an acre for a drainage outlet.

The west 300 feet of defendants' property had been "zoned for business," so that after the taking there remains commercial frontage fifty feet in depth and the remainder of the tract which had been "zoned for residential."

The evidence introduced by the parties, plaintiff and defendants, on the issue of the amount of the reasonable compensation for the taking was voluminous, varied greatly, and was conflicting. Plaintiff-condemner introduced evidence tending to support an award of from $2,873 to $14,466, and, as stated, defendants-condemnees introduced evidence tending to support an award of as much as $57,550, or more.

Initially, plaintiff (appellant) contends the trial court delegated to the jury the authority of weighing the evidence by giving defendants' Instruction No. 6, which instruction advised in part that, "you (the jury) are the sole judges of the credibility of the witnesses and of the weight of the evidence and the value you will attach to each witness's testimony. * * *"

Plaintiff argues that, "having delegated" to the jury the authority to weigh the evidence, the trial court's action in setting aside the verdict and awarding a new trial (on the specified ground that the verdict was against the weight of the evidence) was contrary to and in violation of the law as expressed in Instruction No. 6. Plaintiff says that, in giving the instruction, the trial court "exercised its discretion and when it appears that this discretion has been exercised, the trial court abused its discretion in overruling a declared statement of law. The trial court cannot declare the law and then exercise its discretion by reversing its position which the court did when it weighed the evidence." Plaintiff cites cases in which it is held that the power of the trial court to grant a new trial is discre-

tionary only as to questions of fact and matters affecting the determination of issues of fact—there is no discretion in the law of a case, nor can there be an exercise of sound discretion as to the law of a case. For examples see Schipper v. Brashear Truck Co., Mo.Sup., 132 S.W.2d 993, 125 A.L.R. 674; Mavrakos v. Mavrakos Candy Co., 359 Mo. 649, 223 S.W.2d 383; Cooper v. 804 Grand Bldg. Corp., Mo.Sup., 257 S.W.2d 649. These cited cases have no particular application here. In these cases this court was considering questions of trial courts' actions in granting new trials upon some specified or assigned grounds of error pertaining to the law of the respective cases. When the judicial act of granting a new trial is "directed solely to a question of law, and the act is erroneous, it does not fall within the rule of the exercise of sound judicial discretion," for there is no discretion as to the law. Schipper v. Brashear Truck Co., supra [132 S.W.2d 997]; Mavrakos v. Mavrakos Candy Co., supra.

■ Plaintiff has misconceived the province and power of the trial court when, acting in the exercise of its discretion, it sets aside a verdict and awards a new trial on the ground the verdict was against the weight of the evidence. It is true that this discretionary ground is a "legal" ground for awarding a new trial in the sense that the trial court has the inherent legal power to award a new trial on such discretionary ground. Mavrakos v. Mavrakos Candy Co., supra. But, in the exercise of this discretionary power, the trial court is not treating with the question of the law of a case. The trial court is weighing conflicting evidence on the factual issues, and if the trial judge believes the verdict of a jury is against the weight of the evidence, he has the duty to direct the entry of the trial court's order granting a new trial.

■ In giving Instruction No. 6, an instruction on the credibility of the witnesses, the trial court in the prefatory sentence we have quoted was apparently advising the jury of the jurors' trial function, vested exclusively in them, of judging the credibility of witnesses and the weight and value of the testimony. In making up their verdict it is the jurors' exclusive province to weigh the evidence introduced on the factual issues submitted to them. Of course, the trial court in giving Instruction No. 6 did not delegate or surrender to the jury or waive the trial court's discretionary power, after verdict, to grant one new trial on the ground the verdict was against the weight of the evidence. And the trial court, by this exercise of discretion, did not "reverse its position" with respect to the giving of any instruction.

■ It has been so often said that a trial court is vested with an inherent and broad discretion in granting one new trial on the ground the verdict and judgment are against the weight of the evidence. See some of the more recent cases—Hoppe, Inc., v. St. Louis Public Service Co., 361 Mo. 402, 235 S.W.2d 347, 23 A.L.R.2d 846; Dawson v. Scherff, Mo.Sup., 281 S.W.2d 825; Liddle v. Collins Const. Co., Mo.Sup., 283 S.W.2d 474; Andres v. Brown, Mo. Sup., 300 S.W.2d 800; Schmidt v. Allen, Mo.Sup., 303 S.W.2d 652; reference is now again made to Vol. 27, West's Missouri Digest, New Trial, ■ for the many other and earlier cases. See also the statute, Section 510.330 RSMo 1949, V.A.M.S. The trial court's ruling upon that ground will not be disturbed, except in cases of manifest abuse. Dawson v. Scherff, supra. "The rule is sometimes expressed by saying 'that the granting of a new trial by the trial court will not be interfered with on appeal where there is substantial evidence to sustain the trial court's view, or, putting it in another way, when there is substantial evidence to support a verdict for the party to whom a new trial is granted.' Walsh v. Southwestern Bell Tel. Co., 331 Mo. 118, 131, 52 S.W.2d 839, 845." Dawson v. Scherff, supra [281 S.W.2d 831].

The initial contention is ruled adversely to plaintiff.

Additionally, plaintiff has set out in its brief excerpts from the testimony of defendants' witnesses; has quoted colloquies of counsel and the trial court which occurred during the opening statement of counsel for defendants; and has included the trial court's rulings during the colloquies and on objections to the quoted testimony—all with the purpose of demonstrating that the trial court erred in admitting evidence bearing upon the issue of the amount of the award. It is said, in effect, that the opening statement of plaintiff's counsel and subsequent testimony of defendants' witnesses *"with one exception"* injected and tended to support an erroneous theory of the measure of the damages to be awarded in this condemnation case; and that testimony of the amounts plaintiff-condemner has paid for other property in the vicinity was improperly admitted into evidence. Plaintiff then, apparently assuming the trial court in weighing the evidence considered and weighed the testimony assertedly inadmissible, argues that the trial court abused its discretion in granting the new trial.

■ In the instant case we need not recite the testimony which plaintiff contends is inadmissible, and we need not decide questions of the propriety of the trial court's rulings on the admissibility of such questioned testimony. In State ex rel. State Highway Commission v. Clevenger, 365 Mo. 970, 291 S.W.2d 57, and Metropolitan St. R. Co. v. Walsh, 197 Mo. 392, 94 S.W. 860, cited by plaintiff, this court was not reviewing the evidence to ascertain if there was substantial evidence to support a new-trial order. This court in those cases was fulfilling its duty in examining and ruling contentions of error in the admission of evidence upon those appeals from judgments rendered on the merits of those condemnation cases. In our case we have reviewed the transcript on appeal to ascertain if there was substantial evidence sustaining the trial court's new-trial order. This is our prov-

ince here. Liddle v. Collins Const. Co., supra.

■ Plaintiff does not contend and could not successfully contend there was no substantial evidence tending to support an award substantially greater than the amount of $9,275 awarded by the jury.

The transcript discloses that defendants' witness Fell, an experienced appraiser of real estate, expressed the opinion that the present value of defendants' property, that is, before the taking is $78,500, and the value after the taking is $20,950, or a difference of $57,550. Plaintiff does not assert this witness in expressing his opinion did not admeasure defendants' damage in the manner plaintiff contends was the only correct measure. (We have also noted the testimony of plaintiff's witness Bliss, an experienced realtor and appraiser. He was of the opinion the difference between the value of defendants' property before any taking occurred and its value thereafter is $14,455. And we have further noted the testimony of plaintiff's witness Brown, a realtor and appraiser, in which he expressed the opinion the net damage to defendants' property because of the taking is $12,467.) But, as we have intimated, a witness for plaintiff testified that in his opinion the net damage to defendants' property is $2,873. We do not doubt that the testimony of defendants' witness Fell constituted substantial evidence supporting the trial court's order on the specified ground that the verdict was against the weight of the evidence on the factual issue of the amount of an award which would reasonably compensate defendants for the taking of their property. See and compare Kansas City v. Thomson, Mo.Sup., 208 S.W.2d 216. See also City of St. Louis v. Buselaki, 336 Mo. 693, 80 S.W.2d 853. The evidence on the issue was conflicting. And, as we have said, it was the province of the trial court to determine the relative weight of the conflicting evidence; so it should not be held in this case that the trial court abused its discretionary power

in granting a new trial on the stated ground.

The order granting defendants a new trial should be affirmed.

It is so ordered.

COIL and HOLMAN, CC., concur.

PER CURIAM.

The foregoing opinion by VAN OS-DOL, C., is adopted as the opinion of the court.

All of the Judges concur.