**Lillie TIDWELL, (Plaintiff) Appellant,**

v.

**Leon GULLEDGE, (Defendant) Respondent.**

No. 30831.

St. Louis Court of Appeals.

Missouri.

Sept. 19, 1961.

Motion for Rehearing or for Transfer to Supreme Court Denied Oct. 17, 1961.

Frank Mashak, St. Louis, for appellant.

Evans & Dixon, William W. Evans, St. Louis, for respondent.

WOLFE, Judge.

This is an action for damages by reason of personal injuries suffered by the plaintiff when the car in which she was riding and the car which the defendant was driving collided. The trial was to a jury, which returned a verdict for the defendant. From the judgment entered in accordance with the verdict the plaintiff prosecutes this appeal.

We are confronted with a motion to dismiss the appeal on the ground that the plaintiff failed to comply with Rule 83.05, Missouri Rules of Civil Procedure, V.A. M.R. That rule sets out what a brief shall contain, and states it with great clarity. Section (a) (2) of Rule 83.05 provides that the brief shall contain "a fair and concise statement of the facts without argument;". Further elaborating on the same requirement, Section (c) of the Rule provides: "The fair and concise statement of the facts shall be in the form of a statement of the facts relevant to the questions presented for determination. Irrelevant facts and testimony and mere formal matters should not be included in the statement. If desired, such statement may be followed by a statement of testimony of each witness relevant to the points presented."

After a jurisdictional statement the appellant's brief continues as follows:

"Statement of Facts.

"This is a suit for personal injuries sustained by plaintiff as a passenger in her son's automobile at an intersectional collision at Clarence Avenue on Natural Bridge Avenue in the City of St. Louis, Missouri, on November 12, 1958. A trial to a jury gave the defendant a verdict, and after her motion for a new trial was overruled (on the grounds that the verdict was against the weight of the credible evidence, and that the defendant's sole cause instruction was erroneous), plaintiff filed her notice of appeal."

The foregoing is the complete "Statement of Facts". It is quite obvious that it states none of the facts as required by the rule. It is not aided by a statement of the testimony of each witness which follows it. Merely narrating the testimony of each witness without first making a fair and concise statement of the facts is not a compliance with Rule 83.05. Repple v. East Texas Motor Freight Lines, Mo.Sup., 289 S.W.2d 109. While the brief purports to set forth the testimony of each witness, most of this is a rather haphazard selection of questions and answers, much of which is not relevant to any issue raised.

Section (e) of Rule 83.05 provides that the points relied on "shall briefly and concisely state what actions or rulings of the Court are claimed to be erroneous and briefly and concisely state why it is contended the Court was wrong in any action or ruling sought to be reviewed." Only two points are sought to be raised here, and one of these covers four pages of the brief. It is repetitious and lacking in clarity. The points relied on should be a concise outline of the argument which follows. Ambrose v. M. F. A. Co-operative Ass'n, Mo. Sup., 266 S.W.2d 647.

The Supreme Court of Missouri, in Ambrose v. M. F. A. Co-operative Ass'n, supra, explained the reason for the rule quite fully. It pointed out that it is incumbent upon counsel that he become familiar with the rule and comply with it. White v. Nelson, Mo.App., 283 S.W.2d 926; Jacobs v. Stone, Mo.Sup., 299 S.W.2d 438; Wildermuth v. Fred Medart Manufacturing Co., Mo.App., 330 S.W.2d 126.

Another Rule (79.04), Missouri Rules of Civil Procedure, provides that plain errors affecting substantial rights may be considered on appeal, though defectively raised, when the court deems that manifest injustice has resulted therefrom. In compliance with this rule we have examined the tran-

script with care, and find nothing that would call for the application of Rule 79.04.

The motion to dismiss the appeal is sustained, and the appeal is dismissed.

ANDERSON, P. J., and RUDDY, J., concur.