STATE of Missouri ex rel. STATE HIGH-
WAY COMMISSION of Mis-
souri, Appellant,

v.

W. J. VAUGHT et al. On Exceptions of
John D. Dukewits et al., Respondents.

No. 51574.

Supreme Court of Missouri,
Division No. 2.

March 14, 1966.

Robert L. Hyder, Wm. T. Powers, Spring-
field, for appellant.

Neale, Newman, Bradshaw, Freeman &
Neale, Springfield, Thom G. Field, Flavius
B. Freeman, Springfield, for respondents.

STOCKARD, Commissioner.

In this action for condemnation of land for highway purposes the jury rendered a verdict of "no damages." The landowners' motion for new trial was sustained and the Highway Commission has appealed. The difference between the award and that to which defendant-landowners claim they are entitled under their evidence exceeds $15,000, and for that reason appellate jurisdiction is in this court.

The order of the trial court granting a new trial to landowners was as follows: "Now on this day it is ordered by the Court that the defendants' motion for a new trial be and is hereby sustained for the reasons that the Court abused its discretion in allowing Commissioners Riebold and Wann to testify as witnesses and also on the grounds that the verdict is against the greater weight of the credible evidence in this cause."

Appellant's points on this appeal are somewhat related, and for that reason we will set all of them out at this time. They are that the trial court erred in granting a new trial because [1] "the stated ground that the Court abused its discretion in allowing Commissioners Riebold and Wann to testify as witnesses * * * is not discretionary, and the law is well settled that commissioners may be used as witnesses by either party in a condemnation case" with certain restrictions, none of which were violated; [2] the "discretionary ground (that the verdict was against the weight of the credible evidence) depends on and is supported by the nondiscretionary ground (that the court abused its discretion in allowing Commissioners Riebold and Wann to testify) [and] the appellate courts will not assume that the trial court gave a discretionary ground for a new trial unless it is clearly stated as a separate ground and is in fact a discretionary ground;" and [3] the respondents "did not present any substantial evidence to support the trial court's order." There is then added the contention that the court erred in overruling appel-lant's objection to "specific testimony" of certain witnesses and refusing to strike the "entire testimony" of one witness. The inference is that without this testimony there was insufficient basis for the trial court's ruling that the verdict was against the weight of the credible evidence.

We cannot agree that in its order the trial court gave but one ground for granting a new trial, and that a nondiscretionary one. The order by which a new trial is granted is "the sole and only official repository for the court's thoughts or reasons." Sawyer v. Winterholder, Mo., 195 S.W.2d 659; Bierman v. Langston, Mo., 304 S.W.2d 865. See also Civil Rules 75.01 and 78.01, V.A.M.R. The order in this case is in clear and unambiguous language, and it clearly sets forth two reasons or grounds, the second of which is that the verdict was against the greater weight of the credible evidence. We cannot go behind what is clearly expressed in the order, surmise as to what may or may not have motivated the order, and then conclude that what the trial court really meant to say, but did not, was that without the testimony of witnesses Riebold and Wann the verdict was against the greater weight of the credible evidence.

Appellant next contends, as we understand its third point, that even though it be determined that two separate grounds for ordering a new trial were given by the trial court in its order, it abused its discretion in ordering a new trial on the discretionary ground that the verdict of "no damages" was against the greater weight of the credible evidence because respondents did not present any substantial evidence that by the appropriation they were damaged in any amount, or in an amount greater than the special benefits.

Respondents were the owners of a tract of land consisting of 2.73 acres which admittedly was adapted for commercial use. The State appropriated by condemnation 0.62 acre for highway purposes. Respondent presented three expert witnesses who unquestionably were qualified and who tes-

tified that in their opinion the appropriation resulted in a net damage to the landowners from $29,835 to $49,975. Three persons who owned an interest in the tract testified that the damage to their property from the appropriation was from $32,000 to $50,000. All these witnesses stated that there were no special benefits.

 The action of the trial court in sustaining the motion for new trial on the ground that the verdict was against the weight of the evidence is presumptively correct, State ex rel. State Highway Commission v. Flynn, Mo.App., 263 S.W.2d 854, and a trial court is vested with an inherent and broad discretion in granting one new trial on that ground. State ex rel. State Highway Commission v. Belvidere Development Company, Mo., 315 S.W.2d 781; Albert J. Hoppe, Inc. v. St. Louis Public Service Co., 361 Mo. 402, 235 S.W.2d 347, 23 A.L.R.2d 846. Its ruling will not be disturbed except in the event of manifest abuse. Dawson v. Scherff, Mo., 281 S.W.2d 825. "The rule is sometimes expressed by saying 'that the granting of a new trial by the trial court [on the ground the verdict is against the weight of the evidence] will not be interfered with on appeal where there is substantial evidence to sustain the trial court's view, or, putting it another way, when there is substantial evidence to support a verdict for the party to whom a new trial is granted.' Walsh v. Southwestern Bell Tel. Co., 331 Mo. 118, 131, 52 S.W.2d 839, 845." Dawson v. Scherff, supra, 281 S.W.2d at 831. In this condemnation case where the existence of special benefits was claimed, the jury verdict was "no damages," and a new trial was ordered on the ground that the verdict was against the weight of the evidence, we look to the evidence most favorable to the sustention of the -trial court's ruling, Stith v. St. Louis Public Service Co., 363 Mo. 442, 251 S.W.2d 693, 34 A.L.R.2d 972, and determine whether there is any substantial evidence to support a verdict of some net damages to the landowners, and if so the trial court's ruling is not to be disturbed.

 Appellant's evidence, consisting of the testimony of two expert witnesses authorized a finding by the jury that the special benefits exceeded the damages, and respondents' evidence, consisting of the testimony of three expert witnesses and three owners of the property, authorized a finding that there was substantial damages and no special benefits, or that the damages exceeded the special benefits. However, on this appeal appellant contends that the trial court erred in overruling its objections to certain portions of the testimony of the three expert witnesses who testified for respondents, and in refusing to strike all the testimony of one of them. We need not, and therefore shall not, rule these contentions. Assuming, but not deciding, appellant is correct, there still remains the evidence consisting of the testimony of the three owners, which testimony is not challenged on this appeal, and which constitutes substantial evidence of damages in excess of special benefits. In addition, as to two of the expert witnesses there was no motion to strike all of their testimony, and the "specific testimony" to which objection was made pertained to the presence of a median strip in the new highway, which testimony was limited by the trial court by instruction to the jury "merely to rebut [the] theory of any special benefits to them by reason of the construction of this highway." Even if the trial court was in error in admitting this testimony for this limited purpose, and we do not now so rule, the remaining testimony of these two expert witnesses constituted substantial evidence of damages in excess of special benefits. The trial court could properly pass upon the weight of the evidence in making its determination that the verdict was against the weight of the evidence, and we do not review that determination on this appeal.

 There was substantial unchallenged evidence to support a verdict contrary to the one returned. We hold, therefore, that the trial court did not abuse its discretion in sustaining respondents' motion for a new

**156**

trial on the ground that the verdict was against the weight of the evidence.

The disposition of this appeal does not require a ruling on the issue of whether the trial court erred in granting a new trial on the ground that it "abused its discretion" in permitting the testimony of the two expert witnesses of appellant, and anything we would say would be advisory only, a practice to be avoided when possible.

The order granting a new trial is affirmed, but only on the discretionary ground that the verdict is against the greater weight of the credible evidence, and the cause is remanded.

BARRETT and PRITCHARD, CC., concur.

PER CURIAM.

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

All of the Judges concur.