Noah E. COX, Respondent,

v.

Margaret B. HARRIS, Appellant.

No. 51459.

Supreme Court of Missouri,
Division No. 2.

March 14, 1966.

Robert A. Dempster, James R. Robison, Dempster, Edwards & Robison, Sikeston, for respondent, Noah E. Cox.

Thomas L. Arnold, Benton, Harold D. Jones, Bock & Jones, New Madrid, for appellant, Margaret B. Harris.

BARRETT, Commissioner.

In this suit by Noah E. Cox to recover $25,000 damages for personal injuries a jury by a nine to three vote returned a verdict in favor of Margaret B. Harris. On the ground that the jury verdict was against the weight of the evidence (RSMo 1959, § 510.330, V.A.M.S.; Civil Rule 78.01, V.A. M.R.), the trial court granted Cox a new trial and Miss Harris has appealed. She contends that the court erred in granting a new trial on the specified ground "even though defendant may have been negligent as a matter of law" because the jury could have found that plaintiff "sustained no personal injury." In support of this conten-tion she argues that since plaintiff made no claim for property damage and because of the nature of the accident—the defend-ant's automobile hitting a third automobile, with no damage to it, which in turn struck the plaintiff's station wagon with, as she argues, no damage to his vehicle—he was not entitled "to some damages as a matter of law." She points to five or six items of evidence and possible inferences and says that from these circumstances "the jury found that plaintiff was not injured." And, the appellant concludes, "since there was not substantial evidence of enough impact or force to cause injury" to plaintiff Cox there could be no justification for granting a new trial on the discretionary ground that the verdict was against the weight of the evidence.

Largely out of deference to counsel the court at this term reexamined the history and rationale of the rule entrusting to the trial court the discretion of granting one new trial (Civil Rule 78.01) on the ground that the verdict is against the weight of the evidence (Clark v. Quality Dairy Company, Mo., 400 S.W.2d 78) and there is no point in reconsidering and restating the rule here. As to negligence and liability, the plaintiff Cox was parked at the curb in a parking meter zone preparing a statement for services in repairing an electrical appli-ance when, as Miss Harris said, "I was com-ing in at an angle and I just didn't turn quick enough." She said that she "misjudg-ed" the distance, that her automobile, the front fender and bumper, struck the Lim-baugh automobile and shoved it forward two or three feet into the Cox station wa-gon. The damage to her automobile was $95.43 and she said, "Yes, I got a jolt" and, "Well, I got shaken up a wee bit." Thus necessarily negligence and liability on the appellant's part are admitted and her en-tire argument here is addressed to the claim, in its essence, that the jury could have found that plaintiff was not injured and that therefore the court abused its discre-tion in granting a new trial on the weight of the evidence.

This appeal is unique only in that it is concerned alone with the issue of damages and not with the substantive problem of liability. But on the issue of damages as it is with the initial factual problem of negligence "the situation is the same in its legal aspect as though we were reviewing the court's refusal of defendants' motions for a directed verdict. If plaintiffs made a case for the jury, the order awarding a new trial is to be affirmed, but otherwise it is to be set aside and the verdict reinstated in defendants' favor." Rosenblum v. St. Louis Public Service Co., Mo.App., 242 S. W.2d 304, 305. In arguing in effect that plaintiff was not injured the appellant points to detailed evidence, facts and circumstances favorable to her, and from the testimony of her one medical witness the jury could have found that he in fact sustained no objective, demonstrable injury, or it could have disbelieved him entirely and found no damages. But in considering whether the trial court abused its discretion in granting a new trial this court is not concerned with the testimony favorable to defendant "unless it aids plaintiff's case." Madsen v. Lawrence, Mo., 366 S.W.2d 413, 416. As indicated this case is unique only in the respect that appellant, all but admitting liability, contends that there was an abuse of discretion because the jury could and should have found that plaintiff sustained no personal injury. The parties have cited no authority and the only case concerned with this unique problem is the concurrently decided condemnation case of State ex rel. State Highway Commission v. Vaught, Mo., 400 S.W.2d 153. That case of course was concerned with injury and damages to land, not personal injuries, but its general principles are applicable here.

In the first place the proof and facts as to plaintiff's lack of injuries do not indubitably appear as the appellant argues. Very briefly the testimony as to his injuries and as to any loss or damage to his automobile is this: Cox did not seek to recover any sum by reason of injury to his station wagon or specifically for medical expense. But as to his automobile he said, "The bumper and the back end, the taillight, and the rim around the taillights was damaged, and sprung the door just a little bit. You have to slam it to get it shut." While the appellant would not admit that the accident necessitated his hospitalization the parties stipulated that respondent was in the Missouri Delta Community Hospital from August 25, 1964 (the collision was on August 20, 1964) to September 6, 1964, and that his hospital bill was $310.30. His doctor testified that his bill for services was $104.-00. While there were no broken bones or even visible bruises the plaintiff testified to his aches, pains and general bad health, all of which he attributed to "all at once they was a great blow that hit the back of the car and throwed me forward, and I dropped my book and pencil and lashed me back in the seat." His doctor first saw the appellant on August 24 and after examination hospitalized him on August 25, had him in traction for eight days and finally diagnosed his injury in this language: "There is no doubt in my mind this man has at least two damaged intervertebral discs with resultant nerve root pressure as well as soft tissue damage around the spinal cord and the vertebral column." The doctor was of the opinion that Cox "has a permanent disability at this time" and he recommended an operation by a neurosurgeon. It is not necessary to further detail the doctor's testimony, he concluded, "as to what brought about this condition," that "This man had no pain before the accident. He was in an accident. He had trauma, injury, torsion and a blow, and it obviously is due to that."

This very briefly noted testimony is sufficient to demonstrate that the trial court did not abuse its discretion in granting plaintiff a new trial on the specified ground that even as to injuries and damages the jury's verdict was against the weight of the evidence. 25A C.J.S. Damages § 162(5) (6), pp. 86, 96; State ex rel. State Highway Commission v. Vaught, supra; State ex rel. State Highway Commission v. Belvidere Development Company, Mo., 315 S.W.2d

781. Since there was no abuse of discretion the judgment is affirmed and the cause remanded.

STOCKARD and PRITCHARD, CC., concur.

PER CURIAM:

The foregoing opinion by BARRETT, C., is adopted as the opinion of the court.

All of the Judges concur.