Herman L. **WEATHERS**, Plaintiff-Respondent,

v.

**FALSTAFF BREWING CORPORATION**, a Corporation, and Clarence Edward Bauer, Defendants-Appellants.

No. 32327.

St. Louis Court of Appeals.

Missouri.

May 17, 1966.

Heneghan, Roberts & Cole, Joel D. Monson, St. Louis, for defendants-appellants.

Samuel A. Goldblatt, St. Louis, for plaintiff-respondent.

DOERNER, Commissioner.

Plaintiff sought by this action to recover the sum of $10,000 for personal injuries alleged to have been sustained when the car in which he was a passenger collided with one owned by defendant Falstaff Brewing Corporation and driven by its employee, defendant Bauer. Upon a trial to a jury a verdict signed by nine jurors was returned

in favor of defendants. Plaintiff thereafter filed his motion for a new trial in due time, which the court sustained on the ground that the verdict was against the weight of the evidence. Defendants' appeal duly followed.

■ All that appears under the heading of "Statement of Facts" in defendants' brief is a digest or résumé of the testimony of named witnesses. As our appellate courts have repeatedly pointed out, this is not a compliance with Civil Rule 83.05, V.A.M.R., which provides in paragraph (a) that the appellant's brief shall contain " * * * (2) A fair and concise statement of the facts without argument * * *," and in paragraph (c) that the " * * * statement of the facts shall be in the form of a statement of the facts relevant to the questions presented for determination. * * * " Domijan v. Harp, Mo., 340 S.W.2d 728; Swope v. Emerson Elec. Mfg. Co., Mo., 303 S.W.2d 35; Repple v. East Texas Motor Freight Lines, Mo., 289 S.W.2d 109. If desired, the statement in narrative form may be followed by a statement of testimony of the witness relevant to the points raised on appeal, Civil Rule 83.05(c), V.A.M.R., but the statement is required. The reasons for observing the rules have often been stated, Ambrose v. M.F.A. Co-Operative Ass'n of St. Elizabeth, Mo., 266 S.W.2d 647; Jacobs v. Stone, Mo., 299 S.W.2d 438, and it may not be amiss to again point out that a failure to comply with them is just grounds for a dismissal of the appeal. Ambrose v. M.F.A. Co-Operative Ass'n of St. Elizabeth, supra; Jacobs v. Stone, supra; Tidwell v. Gulledge, Mo.App., 349 S.W.2d 404. We are cognizant of the fact that such a dismissal is a drastic action, and because of its effect on the appealing litigant and our anxiety to dispose of a case on its merits we have been lenient (perhaps overly so) in our enforcement of the rules. It should not be assumed, however, that counsel may persist in ignoring the rules with impunity or that we will continue to countenance their violation.

■ The first of defendants' two points is that the plaintiff failed to make a submissible case against the defendants. They take issue with plaintiff as to the standard to be followed in reviewing the evidence in the determination of that question, and contend in their reply brief that we must view the evidence in the light most favorable to defendants since the verdict was in their favor. That is not the law, and the cases of La Fata v. Busalaki, Mo., 291 S.W. 2d 151 and Brooks v. St. Louis Public Service Co., Mo., 275 S.W.2d 252, cited in support of their argument do not so hold. The issue in La Fata was whether there was sufficient evidence to justify the giving of an instruction on plaintiff's contributory negligence, and all that the court there held was that in deciding that question it would state the evidence in the light most favorable to defendant, on whose behalf the instruction was given. In Brooks the point for determination was whether there was evidence to support the hypothesis submitted in a sole cause instruction given by the defendant bus company, and the court likewise said that in deciding that issue it would consider the evidence in the light most favorable to defendant. The rule followed in determining whether there was sufficient evidence to justify the giving of an instruction is not applicable, of course, to the manner in which the evidence is to be viewed when a defendant contends that the plaintiff did not make a submissible case. In such a situation the correct rule is that in making that determination we review the evidence from a standpoint favorable to plaintiff, give him the benefit of any part of defendant's evidence favorable to him, and not contrary to his fundamental theory of recovery, give him the benefit of all reasonable inferences from all the evidence, and disregard defendant's evidence unfavorable to him. Terminal Warehouses of St. Joseph, Inc. v. Reiners, Mo., 371 S.W.2d 311; Fenneren v. Smith, Mo., 316 S.W.2d 602; Peterson v. Tiona, Mo., 292 S.W.2d 581.

**666**

Plaintiff's petition contains eight allegations of primary negligence and one on the humanitarian doctrine, but his sole submission was on the alleged failure of Bauer to keep a proper lookout. We agree with defendants that our inquiry with respect to the sufficiency of the evidence should be limited to the only issue of negligence submitted. Herr v. Ruprecht, Mo., 331 S.W.2d 642; Karr v. Chicago, R. I. & P. R. Co., 341 Mo. 536, 108 S.W.2d 44; Krinard v. Westerman, 279 Mo. 680, 216 S.W. 938. Viewing the evidence in the light stated, the jury reasonably could have found the facts to be as stated herein. The collision involved in this litigation occurred on September 25, 1963, about 5:00 P.M., d. s. t., at the intersection of Klemm, a north-south street, with Blaine, an east-west street, in the City of St. Louis. The weather was clear and the paved streets were dry. Plaintiff, employed as a welder at the American Car and Foundry Company plant, had been offered and had accepted a ride home by one Sanders, a fellow-employee, in the latter's 1953 Nash Rambler. Sanders was driving northwardly on Klemm. Defendant Bauer, a sales representative for defendant Falstaff, had made a business call at a tavern at Blaine and Tower Grove, and was driving eastwardly on Blaine, on his way home. He was using a 1963 Chevrolet Impala four door sedan, owned and furnished to him by the brewery. Plaintiff testified, both at the trial and in his deposition (read in part by defendants) that when the front of Sanders' Nash was 5 feet south of the south curb line of Blaine he saw the defendants' Chevrolet, which was then 10 feet west of the west curb line of Klemm. He stated that about 100 feet south of the intersection Sanders had reduced his speed from 25 m. p. h. to 20, at which rate he was traveling as he entered the intersection. Plaintiff estimated the speed of defendants' car at the time he saw it at 35 m. p. h., and testified that he yelled "Look out" and that the impact occurred immediately thereafter. He stated that he did not see the actual collision of the two vehicles.

The burden of defendants' defense was that a church on raised ground, surrounded by a hedge, located on the southwest corner of the intersection prevented Bauer from seeing far enough south on Klemm to see Sanders' approaching car. Bauer testified that he drove into the intersection at a speed of 20 miles per hour, and that when the front of his car was even with the west curb line of Klemm he looked to his right but could not see farther south than 30 feet because the hedge obstructed his view. He saw no vehicle on Klemm within that distance. He did not actually see Sanders' car, he related, until the front of his Chevrolet had traveled 18 feet, 3 feet past the center line of Klemm, at which time Sanders' Nash was only 5 feet from the right side of his car.

Had the foregoing been all of the testimony we agree that it would be doubtful whether plaintiff made a submissible case of failure to keep a proper lookout. But it was far from all. Defendants' defense of Bauer's claimed inability to see farther than 30 feet south on Blaine was controverted by Bauer's own testimony, by the physical facts as they appear on a concededly accurate plat, and by the testimony of Barbara Joann Rowe, one of defendants' witnesses. Bauer testified on cross-examination that the distance from the front bumper of his car to the driver's seat was approximately 3 feet. He agreed that the distance between the west curb of Klemm and the hedge on the east side of the church was 8½ feet, as shown on the plat. No obstruction to his view south on Blaine, other than the hedge, was claimed. In short, by his own testimony and the agreed physical surroundings he was east of the hedge at the time he claimed he looked to the south and there was nothing to prevent his observance of Sanders' car. This is borne out by the testimony of defendants' own witness, Barbara Joann Rowe, who stated that she was walking northwardly on the sidewalk on the west side of Klemm, and that when she was about 25 feet south of the intersection she saw Bauer's Chevrolet directly in front of

her. Sanders' Nash, at that time, was somewhere between her and the intersection. It would seem obvious that if Miss Rowe, walking on the west side of Blaine, saw Bauer's Chevrolet directly in front of her then Bauer could have seen much farther south on Blaine than the 30 feet he claimed was all that was visible. Further, Miss Rowe's testimony placed Sanders' car within that distance, so that even under Bauer's alleged limited visibility it should have been seen by him.

■ A motorist is under the continuous statutory duty to exercise 'the highest degree of care at all times and to keep a careful and vigilant lookout for other persons and vehicles on the highway. Section 304.-010, RSMo 1959, as Amended, V.A.M.S.; Stradford v. Bluefeather, Mo., 384 S.W.2d 541; Braun v. Hoffmeister, Mo., 366 S.W.2d 406. To fulfill that duty he is required to look in such an observant manner as to enable him to see that which a person in the exercise of the highest degree of care would be expected to see under similar circumstances. Chenoweth v. McBurney, 359 Mo. 890, 224 S.W.2d 114; Witt v. Peterson, Mo., 310 S.W.2d 857. And where one is charged with the duty to look and to look is to see, he must be held to have seen what looking would have revealed. Lilly v. Boswell, 362 Mo. 444, 242 S.W.2d 73; Witt v. Peterson, supra. We hold that there was sufficient substantial evidence to make a submissible case on the failure to keep a proper lookout.

■ Defendants' remaining point is that the court abused its discretion in granting plaintiff a new trial on the ground that the verdict was against the weight of the evidence. The action of the trial court in sustaining the motion for a new trial on this ground is presumptively correct, State ex rel. State Highway Commission v. Vaught, Mo., 400 S.W.2d 153, and a trial court is vested with an inherent and broad discretion in granting one new trial on that ground.

State ex rel. State Highway Commission v. Belvidere Development Co., Mo., 315 S.W. 2d 781; Hoppe, Inc. v. St. Louis Public Service Co., Mo., 235 S.W.2d 347. Our Supreme Court recently had occasion to re-examine and re-affirm the rule that the granting of a new trial by the trial court on the ground that the verdict was against the weight of the evidence will not be interfered with on appeal when there is substantial evidence to support a verdict for the party to whom a new trial is granted. Clark v. Quality Dairy Company, Mo., 400 S.W.2d 78. And an appellate court will not disturb the ruling of the trial court except in the event of a manifest abuse of its discretion. Clark v. Quality Dairy Company, supra; State ex rel. State Highway Commission v. Vaught, supra; Dawson v. Scherff, Mo., 281 S.W.2d 825. In support of their claim that the trial court abused its discretion the defendants point to a memorandum filed by the court in which it purported to explain its reasons for its action. From this they argue that the court's action was based on certain inadmissible testimony, and other extraneous reasons. But the order in this case clearly and unequivocally states that the new trial was granted because the verdict was against the weight of the evidence. And when an order is unambiguous, as here, resort may not be made to a memorandum to countervail or dispute the order, as defendants endeavor to do. Hammond v. Crown Coach Co., 364 Mo. 508, 263 S.W.2d 362; Bierman v. Langston, Mo., 304 S.W.2d 865. Such a reference may be made only for the purpose of supporting or explaining an ambiguous, uncertain or incomplete record entry. Hammond v. Crown Coach Co., supra; Ponyard v. Drexel, Mo.App., 205 S.W.2d 267; Snell v. Overfelt, Mo. App., 307 S.W.2d 716. We have held that there was sufficient substantial evidence to make a submissible case, which would support a verdict for plaintiff. The trial court, therefore, did not abuse its discretion in sustaining plaintiff's motion for a new trial on the ground that the verdict was against the weight of the evidence.

State ex rel. State Highway Commission v. Vaught, supra.

The order granting the new trial is affirmed.

PER CURIAM.

The foregoing opinion by DOERNER, C., is adopted as the opinion of the court. Accordingly, new trial is granted.

WOLFE, P. J., and ANDERSON and RUDDY, JJ., concur.